MILTON CRAWFORD AND WIFE *v.* WILLIAM REDUS ET AL., EXECUTORS.

1. ESTATES OF DECEDENTS. *Final settlement. Effect on heirs not notified.*
   As to heirs and legatees not notified, an executor's final settlement has only the effect of an annual account.

2. SAME. *Recitals of notice in decree on final settlement.*
   Recitals in such a decree of service of process and proof of publication are only *prima facie* correct.

3. SAME. *Remedy of heir not notified.*
   The remedy for the heir or legatee in such case is to cite the executor to make final settlement; but a petition to set aside the decree should not be dismissed, without a hearing.

4. WILL. *Construction. Estate left to children and grandchildren.*
   Under a will providing that " the remainder of my estate I desire shall be equally divided between my sons and daughters now living, and my grandchildren L. and M., daughters of my son A., deceased, and T. and B., children of my daughter C., deceased," the legatees take *per capita* and not *per stirpes.*

5. HUSBAND AND WIFE. *Payment of wife's legacy to husband.*
   A wife is not bound by payment to her husband of her distributive share of an estate, unless she authorized or ratified it.

APPEAL from the Chancery Court of Monroe County.

Hon. O. H. WHITFIELD, Chancellor.

Mrs. Crawford, the appellant, was one of the residuary legatees under the will of her father, Aaron Redus, deceased, wherein her husband, Milton Crawford, William Redus and J. W. Baker were named as executors. Crawford refusing to act, letters testamentary were issued to Redus and Baker.

It was claimed by Mrs. Crawford that on a proper statement of the residuary fund for the ascertainment of the shares of the several legatees, her share would be such as to leave a balance thereof still unpaid, and that evidence of a payment on her share to her husband, and his individual receipt therefor, did not bind her.

*Nugent & McWillie*, for the appellants.

1. The final account without notice is void, and may be set aside, and a new account ordered. *Neal* v. *Wellons*, 12 S. & M. 649; *Fort* v. *Battle*, 13 S. & M. 133; *Neylans* v. *Burge*, 14 S. & M. 201; *Rives* v. *Patty*, 43 Miss. 338; *Dogan* v. *Brown*, 44 Miss. 235; *Roberts* v. *Roberts*, 34 Miss. 322; *Treadwell* v. *Herndon*, 41 Miss. 38; *Winborn* v. *King*, 35 Miss. 157.

2. The receipt of the husband is not binding on the wife. *Anderson* v. *Gregg*, 44 Miss. 179.

3. The grandchildren under the will take *per stirpes*, not *per capita*. Webster's Unabridged Dic. p. 138; *Lachland* v. *Downing*, 11 B. Mon. 34; *Luke* v. *Marshall*, 5 J. J. Marsh. 353; *Billinslea* v. *Abercrombie*, 2 Stewart & Porter (Ala.), 24; *Minter's Appeal*, 40 Penn. St. 111; *Lyon* v. *Acker*, 33 Conn. 222; *Leland* v. *Adams*, 12 Allen, 286; *Houghton* v. *Kendall*, 7 Allen, 72; 2 Redfield on Wills, p. 16 (7), p. 32 (23); 1 Roper on Legacies, 69–72; *Mowatt* v. *Carow*, 7 Paige, 328; *Churchill* v. *Churchill*, 2 Met. (Ky.) 466; *Hollins* v. *Coonan*, 9 Gill, 62; *Lebeau* v. *Trudeau*, 10 La. Ann. 164; *Hallowell* v. *Phipps*, 2 Whart. 376; *Dickinson* v. *Lee*, 4 Watts, 82; *Jackson* v. *Staats*, 11 Johns. 337; *Lassiter* v. *Wood*, 63 N. C. 360; *Willcox* v. *Beecher*, 27 Conn. 134.

No counsel for the appellee.

CHALMERS, J., delivered the opinion of the court.

The executors of Aaron Redus, in propounding their final

settlement, prayed process for all the heirs and legatees, including Mrs. Mary Crawford and her husband, Milton Crawford. There is nothing in the record to show that process ever issued, save a recital in the final decree, that " all persons interested in said estate have been, either by citation regularly served and returned, or by publication regularly made and proved, notified to appear." At a term subsequent to that at which this decree was rendered, Mrs. Crawford (against whom judgment for $2,198 had been entered in the final decree, upon the ground that she had been overpaid) appeared, and presented a petition setting forth that she had received no notice, either actual or constructive, of the pendency of the proceedings; pointing out the injustice done her, as she alleged, by the decree, and praying that it and all precedent orders affecting her might be vacated. This petition was by the Chancellor dismissed without answer made to it.

Upon the allegations of her petition Mrs. Crawford was entitled to relief, or, at least, to a hearing; though we do not approve of the mode adopted in presenting her case. If the final settlement was made without notice to her, it was only as to her an annual account. She should therefore have cited the executors to make final settlement. They would, doubtless, have pleaded the final settlement already made, to which she would have replied that she had no notice of it. This was the course adopted in *Dogan* v. *Brown*, 44 Miss. 235, and we think the proper one.

The first issue to be determined in such a controversy would be, whether in fact she had notice. If so, there would be an end of the case. Upon this issue the recitals of the decree are *prima facie* correct, but not conclusive, as was held in *Dogan* v. *Brown, ubi supra*. In that case, the recital of the decree was overthrown by an inspection of the writ found in the record, which demonstrated its own invalidity. Where such satisfactory evidence is not attainable, it will greatly increase the burden resting upon the party who undertakes to show that the recital is untrue; but this cannot affect the right by a direct proceeding to show that in point of fact a decree has been rendered without jurisdiction of the person. It is only the burden which must ever attend the establishment of a

negative, in opposition to an affirmative, legal presumption. It was improper, therefore, for the court below to have summarily dismissed the petition without affording Mrs. Crawford an opportunity to show that she had received no notice of the proceedings on final settlement. Should she succeed in establishing this, she will have a right to relitigate the questions finally adjudicated as to the other heirs by the former proceedings.

As one of those questions is the construction of the last will and testament of Aaron Redus, we announce our concurrence in the construction put upon it by the Chancellor in holding that the legatees take *per capita*, and not *per stirpes*. The language of the will is: " The remainder of my estate I desire shall be equally divided between my sons and daughters now living, and my grandchildren, Lucy and Molly, daughters of my son A. F. Redus, deceased, and Mary Martha Talliferro and Thomas Burnett, children of my daughter Silbrino Coats, deceased." It is well settled in this State and elsewhere, that this language, in the absence of other provisions showing a contrary intention, imports the taking of an equal share by each legatee ; or, in other words, that they take *per capita*, and not *per stirpes*. *Nichols* v. *Denny*, 37 Miss. 59 ; 2 Jarman on Wills, 111 ; 2 Williams on Executors (Perkins's ed.), 1623, note *q*, and authorities there cited. Whether the reception by Mr. Crawford of the money paid by the executors on the distributive portion due Mrs. Crawford is obligatory upon the wife, depends upon whether she authorized or ratified such reception, either expressly or impliedly. *Anderson* v. *Gregg*, 44 Miss. 170.                         *Reversed and remanded.*