## C. A. Duncan *v.* J. H. L. Gerdine et al. Extrs.

1. **Judgment.** *Injunction. Jurisdiction.*
   A judgment by default without service of process is void and may be enjoined.

2. **Same.** *Interested witness. Deceased person.*
   The complainant cannot testify to want of service after the plaintiff answers the bill and dies.

3. **Same.** *Return of service. Officer cannot impeach.*
   An officer cannot contradict his return on which the judgment was rendered.

4. **Same.** *Presumption. Sufficiency of evidence.*
   The presumption that the return is true can be rebutted only by clear proof.

Appeal from the Chancery Court of Clay County.

Hon. F. A. Critz, Chancellor, did not preside in this case, but counsellor George A. Evans acted as chancellor *pro hac vice.*

After the appellant's husband failed to sustain his attack on the judgment which the appellees' testator had obtained against her in the Circuit Court, *Duncan* v. *Robertson,* 57 Miss. 820, she filed a bill assailing this judgment under the married woman's law, and when that position was lost (*Duncan* v. *Robertson,* 58 Miss. 390) she obtained leave to file an amended bill, which alleged that the law court had no jurisdiction, because summons was never served upon her, and the injunction against the judgment was reinstated. After B. F. Robertson answered the amended bill and denied the averment of want of a summons, he died, and the case was revived against the appellees, who, at the final hearing, on the evidence stated in the opinion, obtained a decree dissolving the injunction and dismissing the bill.

*L. F. Bradshaw* and *F. S. White,* for the appellant, filed a brief, and the former argued orally.

Judgments without notice are void and can be inquired into collaterally. *Lane* v. *Wheless,* 46 Miss. 666; *Brown* v. *Levee Commissioners,* 50 Miss. 468; Wade on Notice, §§ 1137, 1138.

They may be set aside by a direct proceeding for that purpose, and the return contradicted by the record. Wade on Notice, §§ 1176, 1373, 1378; *Jenks* v. *Payne*, 15 John. 399; *Mastin* v. *Gray*, 19 Kansas, 458; *Dogan* v. *Brown*, 44 Miss. 235. The return may be impeached to perpetually enjoin the judgment founded on a false return because of its falsity. *Earle* v. *Mc Veigh*, 91 U. S. 503. Equity will grant relief against an execution in such cases. *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 523; *Rape* v. *Heaton*, 9 Wis. 328. Judgments by default on insufficient return are void. Wade on Notice, §§ 1371, 1385; *Betts* v. *Baxter*, 58 Miss. 329. Where a judgment is void for want of jurisdiction, an execution on it will be perpetually enjoined. Herman on Executions, § 399; *Mc-Faddin* v. *Spencer*, 18 Texas, 440; *Cunningham* v. *Taylor*, 20 Texas, 126; *Crawford* v. *Redus*, 54 Miss. 700; *Joyner* v. *Miller*, 55 Miss. 208; *Sivley* v. *Summers*, 57 Miss. 712. The testimony of B. A. Duncan and the appellant and R. W. Miller are conclusive as to the manner of the service and no one has contradicted Miller's statements, or even attempted to do so, but it seems to have been admitted that Miller did not serve the summons.

*L. Brame*, on the same side, argued orally and in writing.

1. It is competent by bill in equity to attack a judgment at law and show that it is void for want of notice. *Crawford* v. *Redus*, 54 Miss. 700; *Sivley* v. *Summers*, 57 Miss. 712. This is the object of the amended bill, and constitutes its sole equity. The defendants appealed from the order allowing the amended bill filed and reinstating the injunction. The action of the Chancellor was affirmed. The complainant's right to relief upon proof of the facts charged in the amended bill is, therefore, *res judicata.*

2. If the judgment was taken by default at the return term without personal service, it was void. *Betts* v. *Baxter*, 58 Miss. 329. This is not a bill filed for a new trial at law. In such case it would be necessary for the complainant to show that she had a good defence. The judgment here is not merely irregular; it is a nullity. Being void, the complainant's land cannot be sold under it. To prevent the execution of the void judgment, whereby a cloud would be cast upon the com-

plainant's title, she has the right to enjoin it, without regard to the justice of the debt. *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 523; *Blakeslee* v. *Murphy*, 44 Conn. 188. To hold otherwise would be to give a plaintiff recovering a judgment without notice an advantage he would not possess where summons is duly served on the defendant.

3. The statute which provides that the suing out of an injunction shall operate as a release of errors has no application to this case if the facts alleged in the bill are true. (1.) Because the judgment is not merely erroneous or irregular, but is void. *Bass* v. *Nelms*, 56 Miss. 502. (2.) Because the injunction was sued out while the Code of 1871 was in force by Mrs. Duncan, a married woman. *Davis* v. *Foy*, 7 S. & M. 64. But all this was discussed and decided on the last appeal to this court, when it was held that the complainant was entitled to file the amended bill and have the injunction reinstated.

4. The question then is this, Has the appellant shown that the summons was not served? It is clear from all the facts in evidence that Mrs. Duncan was not personally served with process. If she was not, then the allegations of the bill are sustained. The Chancellor did not decide that the summons was in fact served. On the contrary, it is evident that he believed that it was not served personally upon Mrs. Duncan. Instead of deciding upon this question of fact, he concluded that the record had at one time shown that she was served, and thereupon held that it was incompetent to show that she was not served.

*F. A. Critz*, for the appellees, filed a brief, and argued orally.

1. Conceding the power of a chancery court to enjoin a judgment at law, which is void for want of notice, the fact that no service was had must be proved. The officer's return supported by the subsequent judgment presents a *prima facie* case which can only be met by a preponderance of competent and satisfactory evidence. In this case the testimony, which is that alone of the complainant, her husband and the officer who made the return, is both incompetent and insufficient. C. A. Duncan is incompetent, for she will not be permitted to testify

against the estate of a deceased person to establish or defeat a claim which originated during his lifetime. *Griffin* v. *Lower*, 37 Miss. 458; *Lamar* v. *Williams*, 39 Miss. 342; *Otey* v. *McAfee*, 38 Miss. 348; *Boylan* v. *Holt*, 45 Miss. 277; *Buckingham* v. *Walker*, 48 Miss. 609; *Wood* v. *Stafford*, 50 Miss. 370; *Jacks* v. *Bridewell*, 51 Miss. 881. The officer serving process shall not be permitted to question the truth of his return. Code 1871, § 707; Code 1880, § 1533. A lost writ must be proved in the same manner as other records, by office copies, certified copies under seal or exemplifications. 2 Phill. Evid. 377, note 6; *Pigot* v. *Davis*, 3 Hawks, 25; *Gardner* v. *Hosmer*, 6 Mass. 325; *Welsh* v. *Joy*, 13 Pick. 477; *Nichol* v. *Ridley*, 5 Yerger, 63, 65; *Dogan* v. *Brown*, 44 Miss. 235. And when the record books were burnt and mutilated or lost, the clerk's docket and the journals of the judges have been deemed the next best evidence of the contents of the record. 1 Greenl. Evid. § 848; Freeman on Judgments, § 407; *Eakin* v. *Vance*, 10 S. & M. 549; *Bowman* v. *McLaughlin*, 45 Miss. 461; *McQueen* v. *Fletcher*, 4 Rich. Eq. 152; *Cook* v. *Wood*, 1 McCord, 139; *Lyons* v. *Gregory*, 3 Hen. & Munf. 237; *Walker* v. *Greenlee*, 3 Hawks, 281; *Lowry* v. *Cady*, 4 Vt. 504; *Harvey* v. *Thorpe*, 28 Ala. 250; *Den* v. *McAllister*, 2 Halst. 46; *Jackson* v. *Waldron*, 13 Wend. 178; *Hilts* v. *Colvin*, 14 John. 182; *Renner* v. *Bank of Columbia*, 9 Wheat. 581, 597; *Clarke* v. *Courtney*, 5 Peters, 318, 344; 2 Phill. Evid. 357. Where the law requires an entry or memorandum of a particular transaction to be made in a court of justice, the official entry or memorandum excludes all independent evidence of the same. 1 Phill. Evid. 581. If the records be lost the docket entries become primary evidence. 1 Wharton Evid. § 826. Under no circumstances is the officer competent to contradict his return.

2. There is certainly nothing in the evidence to justify a reversal of the Chancellor's decision upon this question of fact. *Davis* v. *Richardson*, 45 Miss. 499; *Apple* v. *Ganong*, 47 Miss. 189; *Partee* v. *Bedford*, 51 Miss. 84, 90. At most the evidence is conflicting. Equity will not lightly interfere with a judgment at law. Some strong reason must be clearly proved. *Fowler* v. *Lee*, 10 Gill & J. 358; *Gardner* v. *Jenkins*, 14 Md.

58; *Tomkins* v. *Tomkins,* 11 N. J. Eq. 512; *Stokes* v. *Knarr,* 11 Wis. 389; *Crafts* v. *Dexter,* 8 Ala. 767; *Bradley* v. *Richardson,* 23 Vt. 720; *Lee* v. *Insurance Bank,* 2 Ala. 21; *Walker* v. *Gilbert,* Freem. Ch. 85; *Owens* v. *Ranstead,* 22 Ill. 161. It must be alleged and shown that injustice was done by the judgment. *Jeffery* v. *Fitch,* 46 Conn. 601; *Nason* v. *Smalley,* 8 Vt. 118; *Coon* v. *Jones,* 10 Iowa, 131. The effect of vacating the judgment now would be to release the defendant from the debt, as the Statute of Limitations has intervened. *Fowler* v. *Lee,* 10 Gill & J. 358; *Gregory* v. *Ford,* 14 Cal. 138.

*Fred Beall,* on the same side, argued orally and filed a brief.

C. A. Duncan's remedy was by a writ of error *coram nobis.* 1 Rolle Abr. 746; 1 Arch. Prac. 234. Upon a judgment in the King's Bench, if there be error in the process or through the default of the clerk, it may be reversed in the same court by a writ of error *coram nobis. Crawford* v. *Williams,* 1 Swan, 341; *Robb* v. *Halsey,* 11 S. & M. 140; *Kramer* v. *Holster,* 55 Miss. 243; Tidd's Prac. 1137. Her remedy being clear and complete in the common-law court, she has no remedy in a court of equity. *Boone* v. *Poindexter,* 12 S. & M. 640; *Boyd* v. *Swing,* 38 Miss. 182. And where a party has been impleaded in any jurisdiction having cognizance of the subject-matter he must use diligence to avail himself of every defence proper to his case and admissible in that forum. *Nevitt* v. *Gillespie,* 1 How. 108; *Yeizer* v. *Burke,* 3 S. & M. 439; *Wellons* v. *Newell,* 7 S. & M. 399; *Smith* v. *Walker,* 8 S. & M. 131. It is always a delicate matter for one court to interfere with the judgments or decrees of another court possessing independent jurisdiction, and it will never be done, except as an absolute necessity. There was no necessity for the Chancery Court to interfere in this case; for, if the judgment is void as claimed, then no sale under it would pass any title or confer any rights. Besides, the defendant could easily procure an order vacating said judgment from the Circuit Court in which it was rendered. *Kramer* v. *Holster,* 55 Miss. 243. When this case was before this court two years ago, it was clearly intimated that Duncan's remedy was in a court of law. *Duncan* v. *Robertson,* 57 Miss. 820.

Cooper, J., delivered the opinion of the court.

We are satisfied from an examination of the record that the Chancellor rightly found as a fact, that the summons issued in the proceedings at law, in the suit of *Robertson* v. *Duncan*, was returned by the deputy sheriff Miller, as having been by him executed personally upon Mrs. Duncan and her husband, and we shall consider the case just as if the original summons with the return thereon was still among the files of the papers in said suit. The questions thus presented, aside from those going to the competency of the witnesses, to whose testimony exceptions were taken, are two : —

First, is it permissible for Mrs. Duncan in this proceeding to attack the validity of the judgment against her, by showing that the return of the officer on the writ was false, and that in fact she never had been notified in any manner of the pendency of the suit? and if this question be determined in her favor, second, has she introduced sufficient evidence to overturn the presumption which exists in favor of the truth of the return as made by the officer?

We consider the first of these questions as already settled in this State by the former decisions in the cases of *Crawford* v. *Redus*, 54 Miss. 700, and *Sivley* v. *Summers*, 57 Miss. 712; but, if it be not, we have no hesitation or doubt in deciding it in the affirmative. The rule that a record is conclusive evidence of its own verity is not applicable in a direct proceeding instituted for the purpose of showing its falsity as to a matter which, if false, shows that the court pronouncing it as a judgment had no jurisdiction of the person of the defendant, and, consequently, that what purports to be a record is in fact no record at all. No consideration of public policy requires that one guilty of no negligence should be concluded by *ex parte* proceedings, of which he had no notice, because of a declaration made by the court, at the instance of his adversary, that he had such notice. If in fact Mrs. Duncan was not served with the process of the court, by what rule of law or reason shall she be required to submit to have her property sold for the satisfaction of that which is only the pretence of a judgment? It is not sufficient to reply that the court which rendered the judgment has adjudicated the fact that she was served with the

summons, for if the summons was not served the court had no
power to adjudicate that, or any other fact against her, and
the whole fabric falls, unless she is forced, in the outset, to
admit as true that which she avers to be false, and that too
when upon its truth depends her liability to its burden, and
upon its falsity her right to relief.   We reiterate what was said
in *Sivley* v. *Summers*, that, in direct proceedings instituted for
the purpose of testing the validity of the judgment, " the truth
must prevail, though the record falls."   Relief may be sought
through the interposition of the Chancery Court.   Freeman on
Judgments, § 495.

In determining the sufficiency of the evidence introduced to
impeach the record, it is necessary first to eliminate so much
of the testimony as was delivered by witnesses incompetent to
testify.   And, first, as to the competency of Mrs. Duncan as a
witness.   The controversy is between her and the representa-
tive of a deceased person; its purpose is to free her from a lia-
bility to the estate existing in the lifetime of the deceased.
The Chancellor, however, in the opinion delivered by him, in
overruling objections to her competency, states that, though she
is prohibited by the letter of the statute from testifying, she is
not forbidden by the spirit of the statute, because the facts
testified to by her were not in relation to any communication
with the deceased, or touching any matter of which he had
personal knowledge, and therefore, as he could not have con-
tradicted her if alive, she is a competent witness.   We do not
concur in this view.   The law declares that " no person shall tes-
tify as a witness to establish his own claim to any amount, for
or against the estate of a deceased person, which originated
during the lifetime of such deceased person, or any claim he
has transferred since the death of such decedent."   There is no
limitation or qualification of the prohibition, nor does the case
at bar come within the rule laid down in *Strickland* v. *Hudson*,
55 Miss. 235.   In that case the deceased on a former trial had
testified in the cause, and, after her death on a subsequent
trial, evidence was given of her former testimony.   Under
these circumstances it was said that Strickland should have
been permitted to testify as to all matters covered by her evi-
dence.   It was the introduction in evidence of the testimony

of the deceased which rendered him competent as to the matters covered by her evidence. In that case the witness, though dead, spoke through the lips of others, and therefore she was treated as living as to that testimony. It is not what the witness testifies to that makes him competent or incompetent under the statute, but it is the fact that the controversy is between the living and the dead; and the silence which death has imposed on the one the law imposes on the other; absolute equality is sought by the statute, and beyond this we did not go in the case cited.

R. W. Miller, the deputy sheriff, was incompetent to deliver testimony contradicting the return made by him on the writ. *Stone* v. *Montgomery*, 35 Miss. 83.

Excluding this testimony, to which objection was made in the court below, the allegations of the complainant's bill are sustained only by the testimony of her husband, which is insufficient to overturn the presumption of the truth of the return. He states that his wife went to the town of Aberdeen, which is out of the county of Colfax, some days before the service of the writ purports to have been made, and did not return until after the rendition of the judgment against her. In this we think he is mistaken, for it is shown that on the second and third days of February (two and three days before the rendition of the judgment) she appeared before a magistrate of the county, and made oath to two pleas in abatement, which were filed in the Circuit Court of that county on the 12th day of February. It is proved that this officer lived in the vicinity of the residence of Mrs. Duncan, and we are impressed with the belief that she was at home, or at least in the county, when these jurats were subscribed by her. If she was there then, there is no reason to believe she was not at the same place at the date of the service of the writ. The husband further testified that the officer delivered to him the copy of the writ for his wife; this may be true, and yet he may have also delivered a copy to the wife; it was his duty so to do, and he returned that he had performed this duty, and in the absence of clear proof to the contrary we must presume that the return is true.

*Decree affirmed.*