### H. E. WETHERBEE v. P. K. ROOTS, ADM'R, ET AL.

1. WITNESS. *Competency. Estate of decedent. Code* 1892, § 1740.

   Under § 1740, code 1892, providing that one shall not testify to establish his claim or defense against a decedent, the maker of a note sued by the administrator of an assignee thereof is incompetent to testify that the note was without consideration and procured by fraud of the original payee. *Duncan v. Gerdine*, 59 Miss., 550.

2. STARE DECISIS. *Statute construed. Re-enactment. Effect.*

   Where a statute which has been construed by the supreme court is, on a codification of the laws, re-enacted without material change, and the same question again arises, the construction will be controlling.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

Action by L. H. Roots against H. E. Wetherbee on a note executed by the defendant to the Mississippi Hedge Company and assigned to plaintiff. Plaintiff died pending the suit, and the same was revived in the name of his administrators. Defendant pleaded the general issue, and gave notice that he would prove misrepresentations made to him by the agent of the payee at the time the note was executed; that such misrepresentations amounted to fraud, and, hence, that there was a failure of consideration. Plaintiffs introduced in evidence the note and the record of their appointment as administrators.

Defendant offered to show, by his own testimony, the truth of the affirmative matters set up in his notice, these matters having occurred during the lifetime of deceased, but before he acquired the note. Plaintiffs objected, on the ground that the witness was incompetent to testify in his own behalf as against the estate of deceased. The objection was sustained. Judgment for plaintiffs. Defendant appeals.

*Jayne & Watson,* for appellant.

The court erred in excluding the testimony of defendant. It related to a controversy with parties other than the deceased, into whose hands the note in question came after its execution and delivery to the original payee. In the case of *Duncan* v. *Gerdine,* 59 Miss., 550, we think the court extended the rule in question beyond the limits necessary to reach the evil at which the statute was directed. The law was correctly announced in *Jacks* v. *Bridewell,* 51 Miss., 881. The object was to exclude the evidence of one of the parties when the other party to the transaction has died, and when it would be impossible to disprove or explain the transaction by reason of the death of such party. See, also, *Lamar* v. *Williams,* 39 Miss., 342; *Rothschild* v. *Hatch,* 54 *Ib.,* 554. The statute should not be extended beyond the purpose for which it was enacted. Neither the reason nor the terms of the statute require that the testimony of the defendant in this case should be held incompetent. The evidence could not be contradicted by the decedent if he were alive. We think that the case of *Duncan* v. *Gerdine* should be modified.

*J. H. Wynn,* for appellee.

The refusal of the court to permit the defendant to testify as to matters pending in the lifetime of L. H. Roots is clearly correct. This is settled by the decision in this court of *Duncan* v. *Gerdine,* 59 Miss., 550, where the identical question was passed upon. The judgment is correct, and should be affirmed.

WOODS, J., delivered the opinion of the court.

The action of the court in refusing to permit appellant to testify was not error. The opinion of this court in *Duncan* v. *Gerdine*, 59 Miss., 550, is authority directly in point. Since that opinion was delivered, construing the statute (§ 1620, code 1880, brought forward as § 1740, code 1892) which declares the incompetency of a witness to testify to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person, a new codification of our laws has been made, and this particular statute re-enacted, without material change. The question pressed upon us by counsel with great earnestness, for other and different answer than that found in the case cited, must now be regarded as too well settled to be disturbed.

There is no sufficient identification of the note sued on with the note referred to in the notice under the general issue filed by the defendant below. What was the consideration for the note sued on nowhere definitely appears in the evidence. Defendant's notice avers a fraud practiced upon him in the procurement of a certain note, but his proofs fail to show that the paper sued on is the note.

*Affirmed.*