William McCaughan et al. *v.* William H. Hardy et al.

Witnesses. *Estate of decedent.　Code* 1892, § 1740.　*Depositions.*

A person cannot testify, by deposition or otherwise, to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person (code 1892, § 1740), and it is immaterial that the decedent conducted the transaction out of which the claim arises by an agent who is yet alive and has testified in the case.

From the chancery court of Harrison county.

Hon. Nathan C. Hill, Chancellor.

Hardy and others, the appellees, were complainants in the court below; McCaughan and another, the appellants, were defendants there. The object of the suit was to reform a deed made by defendants to Mrs. H. L. Hardy, deceased, in her lifetime. Complainants were the heirs at law of the decedent. The purchase and negotiations between the decedent and defendants were conducted on the part of the decedent by her agent, W. H. Hardy, one of her heirs and a complainant, and said W. H. Hardy testified as a witness in the case for the complainants. The depositions of the defendants were taken in their own behalf, but on motion of complainants they were suppressed by the court below, and that court having rendered a decree in favor of complainants, the defendants appealed to the supreme court, where they assigned for error the action of the court below in suppressing their depositions, and the rendition of the final decree against them.

*Williamson, Wells & Croom,* for appellants.

The statutory rule (code of 1892, § 1740) is a wise one, but should not be used so as so give the heirs of a decedent the

opportunity to do what is sought to be prevented by this statute.

In this case the record shows that the whole transaction as to the purchase of the lot from William and L. W. McCaughan was done by W. H. Hardy, and that if a mistake was made, it was discovered long before Mrs. Hardy's death. Yet he waited until Mrs. Hardy had died and then brought this action for his children, her heirs, and in his own name as one of her heirs, making out the whole case by his own testimony, denying to the man with whom he dealt the right to testify in the case, by invoking the fact of his wife's death. The record shows that Mrs. Hardy never did know anything as to the facts in the case. The purchase of the land was made by her husband, who is yet living, and who simply had the deed made to her. All of the facts which transpired were unknown to her, and were known only to W. H. Hardy and William Mc-Caughan, and yet it was permitted to W. H. Hardy to delay action until after her death, and then as her heir to bring suit and recover of appellants a lot which he had never bought or paid for; and this, too, by reason of his evidence and by denying to appellants the right to testify in the case.

A statute to prevent frauds should not be so construed or applied as to allow and invite the perpetration of a fraud.

The decree is wrong on the facts. The solemn, deliberate act of the parties to a deed in making a conveyance of lands should not be lightly set aside. A purchaser of land should not be permitted to accept a conveyance and act upon it for years and then come in with a bill for reformation and secure the title to other and different and much more valuable property on his *ex parte* testimony as to an error committed. The proof should be clear and unmistakable in such a case, and we submit that the evidence in this case does not meet the requirements. *Crofton* v. *Building, etc., Association,* 77 Miss., 166; Endlich on Construction of Statutes, sec. 34; Black on Interpretration of Laws, 275; *Ib.,* 282.

---

---

*Bowers, Chaffe & McDonald,* for appellees.

The court below rightfully suppressed appellants' depositions.　Code 1892, § 1740; *Jacks* v. *Bridwell,* 51 Miss., 882; *Love* v. *Stone,* 56 Miss., 449; *Duncan* v. *Gerdine,* 59 Miss., 550; *Wetherbee* v. *Root,* 72 Miss., 355.　The decree appealed from was manifestly correct on the competent evidence in the case.

CALHOON, J., delivered the opinion of the court.　We cannot hold that there was error in suppressing the depositions.　If it were an original proposition, we might or might not do so, but we feel bound by the cases of *Duncan* v. *Gerdine,* 59 Miss., 550, and *Wetherbee* v. *Root,* 72 Miss., 355.　We cannot reverse the chancellor on the facts.

*Affirmed.*