# BANK OF RICHTON *v.* JONES.*

(Division B. April 15, 1929. Suggestion of Error overruled May 20, 1929.)

[121 So. 823. No. 27865.]

*Corpus Juris-Cyc References: Courts, 15CJ, section 149, p. 832, n. 40; Evidence, 22CJ, section 1707, p. 1280, n. 68, 69; Judgments, 33CJ, section 42, p. 1079, n. 94; 34CJ, section 572, p. 357, n. 95; Justices of the Peace, 35CJ, section 157, p. 578, n. 53; section 509, p. 804, n. 31.

*Welch & Cooper, C. C. Smith* and *Roy P. Noble,* for appellant.

*Collins & Collins,* for appellee.

ANDERSON, J. Appellant brought this action against appellee and Minnie T. Brown in the court of the justice of the peace of Jones county, to recover the sum of one hundred forty-six dollars, with interest, on a check drawn by appellee on the Bank of Sandersville, payable to Minnie T. Brown, and cashed by appellant. There was a judgment in the court of the justice of the peace, dismissing the action at appellant's cost for the want of prosecution. From that judgment appellant appealed to the county court of Jones county, which court thereafter rendered judgment by default against both defendants for one hundred forty-eight dollars and fifty cents and costs. An execution was issued on the judgment rendered in the county court, and levied upon property of appellee, who thereupon filed a motion in the county court to quash the execution and vacate the judgment of the county court, upon the ground that the justice of the peace court did not acquire jurisdiction of appellee by service of summons, as required by law. The motion to quash was heard by the county court, and sustained, and from that judgment of the county court appellee appealed to the circuit court, where the judgment of the county court was affirmed. From the judgment of the circuit court appellant prosecutes this appeal.

On the trial in the county court, the original docket entries and orders of the justice of the peace were introduced in evidence. In some material respects the docket entries by the justice of the peace conflict with his certified transcript sent up to the county court. The certified transcript was regular in all substantial respects. It recites that appellant was absent and failed to prosecute the action; that the defendants were present and announced that they were ready for trial, and thereupon the court dismissed the suit at appellant's cost.

While the original entry in the docket recites the following: "This cause came on and the plaintiff appeared not and the *defendant* appeared and the case was dismissed at the plaintiff's cost," the certified transcript of the record shows that both appellee and his codefendant, Minnie T. Brown, were served with summons by L. R. Rich, constable, while the docket entries, which are controlling, show that they were served by L. R. Rich, deputy constable." Appellant concedes that there is no such officer in this state as a deputy constable and therefore the service of summons on the defendants was void. But appellant takes the position that the judgment of the justice of the peace against appellee was valid, notwithstanding appellee was not in court by legal process, because of the fact that appellee was present in person at the trial, and moved the court to dismiss the action for want of prosecution. Appellant put appellee on the witness stand as an adverse witness, and, over appellee's objection, showed by him that he was present when the justice of the peace rendered judgment, and that it was rendered on his motion.

Putting the case in a short way: Appellant sued appellee and another in the court of a justice of the peace. The justice of the peace failed to acquire jurisdiction of the defendants by virtue of the process issued and served on them, because the service of the process was void. Appellee appeared on the day set for the trial before the justice of the peace, notwithstanding he was not required to do so, and orally moved the court to dismiss the action for the want of prosecution, which motion was sustained by the court, and judgment accordingly entered, reciting that the "defendant appeared," not *defendants*. The judgment failed to state which defendant appeared, whether appellee or his codefendant. As stated, appellant undertook to show by parol that the appellee was *the* defendant who was present in court when the judg-

ment was rendered; and by such an appearance the court acquired jurisdiction of him.

One of the fundamentals of a valid judgment is that the court must have acquired jurisdiction of the person of the defendant either by process legally served or by voluntary appearance on his part. Although, it is true, there goes with the judgment of a court of record the presumption that the court acquired jurisdiction of the person of the defendant, such presumption is not conclusive. The defendant, on motion to set aside and vacate the judgment, is entitled to show by parol evidence that the judgment was rendered without the court having acquired jurisdiction of his person. *Meyer* v. *Whitehead,* 62 Miss. 387; *Newman* v. *Taylor,* 69 Miss. 670, 13 So. 831; *Joiner* v. *Delta Bank,* 71 Miss. 382, 14 So. 464. But the plaintiff cannot resort to parol to make valid a judgment void on the face of the record. So far as the plaintiff is concerned, that question is decided by the record alone. 4 C. J., pp. 1326, 1327, sections 19 and 20. The plaintiff by parol may uphold the truth of the record, and the presumptions that go with it, but he cannot add to it.

In the present case, the judgment in connection with the process served on appellee shows affirmatively that the court failed to acquire jurisdiction of appellee. The judgment, therefore, is void on the face of the record. Appellant undertook to show by parol that the court acquired jurisdiction of appellee by a voluntary appearance. Under the law, this could not be done.

Applying these principles, we have here a judgment which recites that *one* of the defendants appeared—not *both* of them; and it is silent as to which one appeared, and the appellant undertakes to show that fact by parol, which, under the law, is not permissible.

*Affirmed.*