# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00023-SCT

*WILLIAM SCOTT ASHWELL a/k/a WILLIAM ASHWELL a/k/a WILLIAM S. ASHWELL*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2014 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| TRIAL COURT ATTORNEYS: | ROBERT E. EVANS |
| | BARBARA WAKELAND BYRD |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY KEVIN BYRNE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND VACATED - 08/24/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2015-CT-00626-SCT

*WILLIAM SCOTT ASHWELL a/k/a WILLIAM ASHWELL a/k/a WILLIAM S. ASHWELL*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2014 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY KEVIN BYRNE |

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
 BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE: POST-CONVICTION RELIEF
DISPOSITION: REVERSED AND VACATED - 08/24/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. William Ashwell pleaded guilty to burglary and escape. He now seeks post-conviction relief. Because the circuit court lacked jurisdiction and authority to accept guilty pleas when Ashwell never had been charged with a crime, we reverse and vacate his convictions.

## FACTS AND PROCEDURAL HISTORY

¶2. William Scott Ashwell filed two Waivers of Indictment and Petitions to Enter Plea of Guilty in the Circuit Court of Lawrence County. Although the waivers stated that Ashwell stood charged with burglary and escape, no criminal information had been filed. Ashwell pleaded guilty and the circuit judge entered orders of conviction.

¶3. Ashwell later filed a pro se Petition for Writ of Habeas Corpus/Motion to Vacate Conviction and Sentence in the Circuit Court of Lawrence County, claiming the circuit court lacked jurisdiction or authority to accept his guilty pleas because the State never filed any charging documents. Ashwell supported his petition with copies of the docket sheet from each cause number, which reflected no indictment or information had been filed. The petition also claimed Ashwell's waivers were ineffective because they failed to specify the dates of the offenses.

2

¶4.     The circuit judge treated the filing as a petition for post-conviction relief, appointed Ashwell counsel, and ordered the State to respond.  After the State responded, the circuit judge entered an order denying Ashwell relief from the burglary conviction on the merits, and from his escape conviction because Ashwell attacked both convictions in the same petition, which Mississippi Code Section 99-39-9(2)—a procedural statute—purports to prohibit.

¶5.     The circuit judge found that, even though no indictment or information charging Ashwell with a crime had been filed, such document must exist because of references to it in the plea colloquy and the prosecutor's affidavit.  Ashwell appealed, and the Court of Appeals affirmed.[1]  Ashwell then petitioned this Court for writ of certiorari, which we granted.

**ANALYSIS**

¶6.     We first consider whether Section 99-39-9(2) prohibited the circuit judge from considering the merits of Ashwell's claim concerning his escape conviction. The Mississippi Constitution divides "[t]he powers of the government of the State of Mississippi . . . into three distinct departments, . . . each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another."[2]  "No person or collection of persons, being one or belonging to one

_____

[1] *Ashwell v. State*, 2016 WL 3154003, \*\*2–4 (Miss. Ct. App. June 7, 2016).

[2] Miss. Const. art. 1, § 1.

3

of these departments, shall exercise any power properly belonging to either of the others."[3]

"The judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this constitution."[4]

¶7.    In *Newell v. State*, this Court declared "[t]he inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts."[5] "This leaves no room for a division of authority between the judiciary and the legislature as to the power to promulgate procedural rules necessary to accomplish the judiciary's constitutional purpose."[6]

¶8.    Mississippi Code Section 99-39-9(2) states "[a] motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions."[7]  In *Wimley v. Reid*, this Court found that Mississippi Code Section 11-1-58's requirement that a medical-malpractice plaintiff attach to his complaint a certificate of consultation with a physician  was a procedural rule and therefore unconstitutional.[8]  While the Court recognized the legislative prerogative to establish substantive presuit requirements,

---

[3] Miss. Const. art. 1, § 2.

[4] Miss. Const. art. 6, § 144.

[5] *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975) (citing *Matthews v. State*, 288 So. 2d 714 (Miss. 1974); *Gulf Coast Drilling & Expl. Co. v. Permenter*, 214 So. 2d 601 (Miss. 1968); *S. Pac. Lumber Co. v. Reynolds*, 206 So. 2d 334 (Miss. 1968)).

[6] *Newell*, 308 So. 2d at 77.

[7] Miss. Code Ann. § 99-39-9(2) (Rev. 2015).

[8] *Wimley v. Reid*, 991 So. 2d 135, 138 (Miss. 2008).

the Court squarely decided that the Mississippi Constitution empowers this Court, not the Legislature, to establish the rules governing the content of a pleading in the courts of this State.[9]

¶9. Section 99-39-9(2) suffers from the same constitutional flaw. Through that statute, the Legislature mandates that a petition for post-conviction relief attack only one conviction. This would be no different from a statute prohibiting more than one count in a tort lawsuit complaint and mandating that plaintiffs must file separate lawsuits for each count. The Constitution grants the Legislature no power to limit the number of claims a litigant may plead in a particular pleading. So we find that the circuit judge erred by rejecting Ashwell's claim pertaining to his escape conviction. And we decline to impose any such rule which, in cases such as the one before us today, unnecessarily would require duplicate filings.

¶10. It is well settled that "[a] plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction."[10]

\¶11. The Court of Appeals affirmed the circuit judge's reasoning that a criminal information must have existed because it was mentioned in the plea documents, plea colloquy, and a prosecutor's affidavit. But Ashwell's claim does not rest on the existence of a document which purported to be a criminal information, but rather on the fact that the State failed ever to charge him with a crime.

---

[9] *Id.* at 138–39.

[10] *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)).

¶12. The docket sheet in each criminal case reflects that no criminal information—even assuming one existed—ever was filed with the circuit court. Nor did the criminal files themselves include any charging document, a fact the circuit judge confirmed by personally reviewing each criminal file. The prosecutor who handled Ashwell's cases could say only that in "[t]he normal procedure" for a prosecution by criminal information, "the Bill of Information is submitted by the District Attorney's Office to the Clerk of Court," and that "[t]o my knowledge, the normal procedure for a plea by Bill of Information *would have* occurred in this case."[11] In disputes over the content of a court record, this Court has held that the docket entries control.[12] So the prosecutor's statement of "would have occurred" is of no help.

¶13. The very nature of a criminal information shows that one must be filed for the court to proceed. Historically, an information was a charging document in the king's name "**filed** *ex officio* by his own immediate officer, the attorney general" or "**filed** by the king's coroner and attorney in the court of king's bench."[13] A prosecution by criminal information followed "when an information is filed."[14]

---

[11] Emphasis added.

[12] **Bank of Richton v. Jones**, 153 Miss. 796, 121 So. 823, 824 (1929); *see also* **Duncan v. Gerdine**, 59 Miss. 550, 553 (1882) ("Where the law requires an entry or memorandum of a particular transaction to be made in a court of justice, the official entry or memorandum excludes all independent evidence of the same.").

[13] William C. Sprague, Blackstone's Commentaries 510 (9th ed. 1915) (emphasis added).

[14] *Id.* at 510–11.

6

¶14. Likewise, this Court has recognized that a defendant is charged when the information is filed.[15] "[T]he *filing* of the criminal information *charging* him with simple robbery and aggravated assault . . . took place on July 31, 1989."[16] So we must agree with Ashwell's contention that the circuit court lacks jurisdiction and authority to accept a guilty plea for a crime for which he never has been charged.

## CONCLUSION

¶15. Because the State never charged Ashwell with a crime, the circuit court lacked jurisdiction and authority to accept Ashwell's guilty pleas. So we reverse the decision of the Court of Appeals, reverse the judgment of the circuit court, and vacate Ashwell's convictions for burglary and escape.

¶16. **REVERSED AND VACATED.**

    **KING AND COLEMAN, JJ., CONCUR. KITCHENS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING AND COLEMAN, JJ.; MAXWELL, BEAM AND CHAMBERLIN, JJ., JOIN IN PART. CHAMBERLIN, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., MAXWELL AND BEAM, JJ.; KITCHENS, J., JOINS IN PART. BEAM, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. WALLER, C.J., NOT PARTICIPATING.**

    **KITCHENS, JUSTICE, CONCURRING:**

¶17. I concur with Presiding Justice Dickinson's decision to vacate Ashwell's burglary and escape convictions due to the absence of charging documents in the record. The circuit court's docket reveals no documents charging Ashwell with burglary, escape, or any other

---

[15] *Conerly*, 607 So. 2d at 1156.

[16] *Id.*

7

crime. By executing written waivers of indictment,[17] Ashwell consented to the State's proceeding against him by information. Before proceeding with Ashwell's prosecution, the State was required to have filed informations with the circuit court. Without bills of information in the record, there is nothing to show that Ashwell ever was formally charged with any crime. Therefore, the circuit court never obtained jurisdiction over him on either of the two charges. Further, the trial court's acceptance of Ashwell's guilty pleas without bills of information violated Ashwell's federal and state constitutional rights to notice of the essential elements of the crimes charged and of sufficiently specific facts to enable him to plead double jeopardy in the event of a future prosecution for the same or a similar offense.

¶18.    This Court is faced with a record completely devoid of a charging document for either of the crimes to which Ashwell pled guilty. The circuit court docket reflects that, on December 14, 2006, the day of Ashwell's guilty pleas, his written waivers of indictment and his consent to the State's proceeding against him by bill of information were filed in each case. His petitions to enter guilty pleas also were filed on that date. But the docket in each of the cases also reveals that informations never were filed. The fact that no charging documents were filed in the circuit court is highly problematic and leaves this Court with no choice but to vacate Ashwell's convictions of burglary and escape.

¶19.    The transcript of Ashwell's plea hearing reflects that he pled guilty as one of twelve defendants, all of whom were represented, as was Ashwell, by Lawyer Robert E. Evans. The only common thread among this group of twelve seems to be their representation by Lawyer

---

[17] The two waivers were assigned separate circuit court cause numbers.

Evans. The trial court accepted the guilty pleas of these twelve defendants *en masse* in a one-size-fits-all proceeding, for a variety of unrelated offenses. At the beginning of the hearing, the judge asked the defendants whether they had been in the courtroom when he had accepted the guilty pleas of an earlier, unrelated group of defendants. Each person answered affirmatively. Then, the judge asked whether they had been paying attention, and each person answered "yes, sir." The judge replied "All right. So I won't need to go into quite the same detail with this group as I did with the other group, so that will make it a little easier on me." The judge invited the defendants to inquire about any matters on which they needed further clarification. No one responded. Then, the judge went through an abbreviated iteration of the inquiries required by Uniform Rule of Circuit and County Court Practice 8.04 with regard to whether the guilty pleas were voluntarily and intelligently made, whether the defendants were competent and understood the nature and consequences of pleading guilty, the maximum and minimum penalties for the crime of which each was charged, and the rights that were being waived by their guilty pleas. *See* URCCC 8.04. The trial court also ascertained that the defendants understood the proceedings at a jury trial. *Id.* Notably, the judge omitted the required determination of a factual basis for the guilty pleas in several of the cases, including both of Ashwell's. *Id.*

¶20.    As Justice Chamberlin astutely recognizes, the record reflects that no factual basis was stated for Ashwell's guilty pleas. A factual basis for a guilty plea is required because, before a trial court may accept a guilty plea, "the circuit court [must] have before it, *inter alia*, substantial evidence that the accused did commit the legally defined offense to which he is

9

offering the plea." ***Burrough v. State***, 9 So. 3d 368, 373 (Miss. 2009). But beyond the absence of a factual basis in the record, without indictments or informations on record, Ashwell cannot plead double jeopardy in the event of a future prosecution for either or both of the same named offenses.

¶21.    Under the federal and state constitutions, a defendant has due process rights to notice of criminal charges. U.S. Const. amend. VI; Miss. Const. art. 3, § 26. We have held that, to fulfill these rights, "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." ***Gilmer v. State***, 955 So. 2d 829, 836-37 (Miss. 2007). A claim that an indictment was substantively insufficient may be raised at any time. ***Ross v. State***, 954 So. 2d 968, 1015 (Miss. 2007).

¶22.    The waiver of indictment for burglary describes Ashwell's offense as "burglary of an inhabited dwelling" under Mississippi Code Section 97-17-23.[18] The elements of dwelling burglary include "(1) unlawful breaking and entering, and (2) intent to commit a crime therein." ***Jackson v. State***, 90 So. 3d 597, 604 (Miss. 2012); Miss. Code Ann. § 97-17-23 (Rev. 2014). Because no charging document was filed, we are unable to discern the date of Ashwell's crime, the victim's name, the particular residence he was pleading guilty to

---

[18] Section 97-17-23 does not include an element requiring the dwelling to have been inhabited at the time of the breaking and entering. Miss. Code Ann. § 97-17-23 (Rev. 2014). But if Ashwell had been charged formally with "burglary of an inhabited dwelling," the State would have been required to prove that a human being was inside the dwelling at the time of the breaking and entering.

10

burglarizing, whether the entry was forcible, or the underlying crime that the State sought to prove he intended to commit therein. With neither a true bill of indictment nor a bill of information, it is impossible to discern the essential facts or the essential elements of the crime charged. Thus, Ashwell lacked any notice of the essential elements and essential facts of the crime to which he pled guilty. All that can be discerned from the record is that Ashwell pled guilty to *some* burglary. Similarly, Ashwell pled guilty to *some* escape with no notice of the essential elements or essential facts of the crime.

¶23.     Ashwell would be unable to plead double jeopardy in the event of a future prosecution for the same or similar offenses. A criminal defendant has a federal and state constitutional right against being twice placed in jeopardy for the same offense. U.S. Const. amend. V, XIV; Miss. Const. art. 3, § 22. When determining whether the State seeks to subject an individual to multiple punishments for the same crime, this Court applies the test from ***Blockburger v. United States***, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932), which provides that: "if each [criminal] statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Thus, for double-jeopardy purposes, an indictment must include the essential elements of the crime charged. An indictment also must include the essential facts of the crime charged to enable a reviewing court to distinguish the facts of the charged crime from other crimes. *See **Goforth v. State***, 70 So. 3d 174, 189 (Miss. 2011) (holding that multiple, identically worded counts in an indictment were factually insufficient and did not protect against double jeopardy). Because no bill of information was

11

filed in either of Ashwell's cases, in the event of a future charge of burglary of a dwelling or escape, no court will be able to discern whether he already has been convicted for the identical offense.

¶24. For its first eighty-eight years, the Mississippi Constitution of 1890 required grand jury indictments in all felony prosecutions. Miss. Const. art. 3, § 27 (1890). An indictment was an indispensable constitutional prerequisite to the State's ability to prosecute felony offenses. Then, a 1978 constitutional amendment provided the State an alternative means of placing a felony charge before a court of competent jurisdiction through securing a represented defendant's sworn, written waiver of indictment and consent to the State's proceeding by information. 1997 Miss. Laws ch. 590. Now, Article 3, Section 27 provides:

> No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.

Miss. Const. art. 3 § 27. The crime of burglary, a felony, is an indictable offense. And Ashwell pled guilty to felony escape, also an indictable offense. Article 3, Section 27, begins by prohibiting the State's prosecution of such charges by information; but, under the added language of the 1978 amendment, it allows the prosecution of an indictable offense upon an information when there has been a sworn waiver of indictment by a defendant who is represented by counsel. Thus, the constitution contemplates two required documents: a sworn

12

waiver of indictment and a bill of information. Without an indictment or a bill of information, Ashwell never was charged in circuit court with either crime as authorized by the constitution.

¶25. The State argues that, even though criminal informations never were filed in these cases, this Court should deduce from other evidence that informations in fact existed. This was the approach taken by the circuit court, which limited its review to the burglary conviction, at the post-conviction relief hearing, finding "that a bill of information existed at the time Ashwell entered his guilty plea" even though "the bill of information inexplicably did not get placed in the court file and is not to be found." The circuit court relied on the facts to which Ashwell had sworn in his preprinted petition to enter a guilty plea that he "fully underst[ood] all matters set forth in the indictment or information and waiver of indictment," and swore during the plea colloquy that the facts and charges stated in the information were true. Also, Ashwell's attorney submitted signed, preprinted certificates of counsel, attached to the plea petitions, that stated he had "read and fully explained to Defendant the allegations contained in the indictment or information and waiver of indictment in this case." Further, an assistant district attorney, Douglas E. Miller, submitted an affidavit stating he had been the State's representative in Ashwell's cases, and that "the normal procedure for a plea by Bill of Information would have occurred in this case."

¶26. A major problem with the circuit court's reasoning is that, for a circuit court to obtain jurisdiction over a criminal defendant, the indictment "must be presented to the clerk of the circuit court . . . [and] must be marked 'filed,' and such entry be dated and signed by the

clerk." Miss. Code Ann. § 99-7-9 (Rev. 2015); *Wilson v. State*, 904 So. 2d 987, 996 (Miss. 2004). We have held that the "legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictment is fully established by the signing thereof on the part of the foreman and the marking of it 'filed' by the clerk of the court." *McCormick v. State*, 377 So. 2d 1070, 1074 (Miss.1979) (quoting *Temple v. State*, 165 Miss. 798, 805-06, 145 So. 749, 751 (1933)). Because a bill of information provides an alternative to the original constitutional means of charging one with a felony, it follows that a bill of information likewise must be filed in the circuit court for that court to obtain jurisdiction. Each of these charging mechanisms – the first, an indictment, being nonconsensual on the part of the defendant and the second, an information, being consensual on the part of the defendant – is a constitutional means of getting the State into the same legal position: that of having a validly charged defendant before a court of competent jurisdiction. Both of these means require a charging document – either an indictment or an information – timely filed and docketed by the court's clerk.

¶27.    Another problem with the omission of a bill of information is that our state constitution mandates that "all prosecutions shall be carried on in the name and by the authority of the 'State of Mississippi.'" Miss. Const. art. 6 § 169. The charging document in a criminal case establishes that the prosecution is brought in the name of the State, an indispensable prerequisite that is conspicuously absent in this case. No evidence is present in the trial record to show that the prosecution of Ashwell was brought in the name of the State. During the plea colloquy, the assistant district attorney made no proffer of the factual

14

bases for Ashwell's guilty pleas. In fact, it is not evident from the transcript of the plea colloquy that the State participated in Ashwell's prosecution at all. No remarks regarding Ashwell's cases were attributed to a state prosecutor, and neither the trial court nor the defense attorney mentioned the State or its representative in connection with Ashwell.[19]

¶28.    In sum, the trial court accepted Ashwell's guilty pleas along with those of eleven other defendants in an impersonal group exercise. Although Ashwell's written waivers of indictment did meet constitutional requirements, neither was followed by the essential bill of information as required by the constitution. And the absence of charging documents is reversible error because Ashwell could not plead double jeopardy in the event of future prosecution for the same or similar offenses. Moreover, Ashwell lacked notice because the essential facts and the essential elements of the charges were missing, and the record contains no factual basis for Ashwell's guilty pleas. In the absence of charging documents, Ashwell's state and federal due process rights were violated, and the circuit court lacked jurisdiction to accept Ashwell's guilty pleas. Therefore, Presiding Justice Dickinson correctly vacates Ashwell's convictions of burglary and escape.

        **KING AND COLEMAN, JJ., JOIN THIS OPINION. MAXWELL, BEAM AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.**

        **CHAMBERLIN, JUSTICE, CONCURRING IN RESULT ONLY:**

¶29.    While I concur with the Presiding Justice Dickinson that William Ashwell's convictions must be vacated, I do so on separate grounds.  I am not prepared, nor do I believe

---

[19] Assistant District Attorney Miller did provide a factual basis for another of the twelve defendants charged with a crime at the plea hearing.

15

it necessary, to state that the failure to file the charging instrument, without more, deprives the trial court of jurisdiction. This issue should be decided on a case-by-case basis under the facts of that particular case after a review of the record as a whole.

¶30. The problem in this case is not that the charging instrument wasn't filed. There is sufficient proof in the record that a charging instrument—the bill of information—existed in this case. The problem is that there is absolutely no evidence as to what was contained in the charging instrument. While the failure to *file* the charging instrument may not be fatal in all cases, the failure to present any evidence as to the contents of the instrument certainly is in this case.

¶31. The failure to prove the contents of the charging instrument means, in Ashwell's case, there is no factual basis for his plea. It is not contained in an indictment, a bill of information, transcript or elsewhere in the record. Ashwell's waiver acknowledges that the charges are for burglary and escape with quoted code sections. This information, ostensibly, advises Ashwell of the elements of the crimes to which he is pleading guilty but not the facts constituting the crime committed.

¶32. Rule 8.04 of the Uniform Rules of Circuit and County Court Practice states, in part, as follows:

> 3. *Voluntariness.* Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

URCCC 8.04(A)(3).

16

¶33. A defendant *may* establish a factual basis for his guilty plea simply by pleading guilty; however, his plea "must contain factual statements constituting a crime *or* be accompanied by independent evidence of guilt." ***Hannah v. State***, 943 So. 2d 20, 26–27 (Miss. 2006) (emphasis added). In other words, "a factual basis is not established by the mere fact that a defendant enters a plea of guilty." ***Id***. at 27. Rather, the record must contain those facts which are "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." ***Lott v. State***, 597 So. 2d 627, 628 (Miss. 1992) (quoting ***United States v. Oberski***, 734 F.2d 1030, 1031 (5th Cir. 1984)). We are not limited to a review of a defendant's plea transcript when determining if a factual basis existed for his guilty plea, but we may review the record as a whole for evidence of such. *See* ***Boddie v. State***, 875 So. 2d 180, 183 (Miss. 2004); ***Aucoin v. State***, 17 So. 3d 142, 146–47 (Miss. Ct. App. 2009).

¶34. Furthermore, the requirement of a factual basis for a defendant's plea is not a mere formality of the plea process, but it is required as part of a "constitutionally valid and enforceable decision to plead guilty." ***Carter v. State***, 775 So. 2d 91, 98 (Miss. 1999) (quoting ***Lott***, 597 So. 2d at 628). The trial judge and any reviewing court must be able to ascertain from the record sufficiently specific facts that demonstrate that the defendant's conduct was criminal. *See* ***Lott***, 597 So. 2d at 628. Simple knowledge of the elements of the crime is not sufficient. ***Carreiro v. State***, 5 So. 3d 1170, 1173–75 (Miss. Ct. App. 2009).

¶35. A factual basis for a guilty plea may be established in a number of ways, including a statement of the prosecutor, testimony of live witnesses, prior factual proceedings, as well

17

as actual admissions by the defendant; it is not necessary that factual basis be established with words spoken from the defendant's own mouth. *Corley v. State*, 585 So. 2d 765, 766-68 (Miss. 1991). The Court has noted that "[a] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence may be relaxed at plea hearings. Fair inference favorable to guilt may facilitate the finding." *Id*. at 767. Even the reading of a sufficiently specific indictment has been deemed acceptable. *Timmons v. State*, 176 So. 3d 168, 172 (Miss. App. Ct. 2015) (quoting *Drake v. State*, 823 So. 2d 593, 594 (Miss. Ct. App. 2002)). We look at the record as a whole. *Id.*

¶36. Therein lies the problem. The record as a whole does not answer our questions. *Nothing* in the record touches on the facts of this case, and we do not know the contents of the charging instrument to determine if it is sufficiently specific to establish a factual basis. We do not know the dates of the crimes, the victims of the burglary, the facility from which Ashwell escaped, the manner employed in the crimes, etc. It is regrettable that the facts of this case played out in the manner in which they did. It is certainly not the fault of the trial, judge who very well may have had the instrument before him at the time of the plea. However, the facts of this case, when considering the record as a whole, require vacation of Ashwell's convictions. For these reasons, I concur in result only.

**RANDOLPH, P.J., MAXWELL AND BEAM, JJ., JOIN THIS OPINION. KITCHENS, J., JOINS THIS OPINION IN PART.**