## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-KA-01336-COA

**RONALD DERRICK WHITE A/K/A RONALD WHITE A/K/A RONALD D. WHITE**                    **APPELLANT**

v.

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCED, AS A HABITUAL OFFENDER, TO TWENTY YEARS; COUNT II, SIMPLE ASSAULT AGAINST A PERSON OVER SIXTY-FIVE YEARS OF AGE, AND SENTENCED, AS A HABITUAL OFFENDER, TO FIVE YEARS, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, BOTH TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE |
| DISPOSITION: | AFFIRMED – 10/07/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    A Rankin County jury convicted Ronald Derrick White of aggravated assault, and

simple assault against a person over sixty-five years of age. The circuit court sentenced White, as a habitual offender, to twenty years for the aggravated-assault conviction, and to five years for the simple-assault conviction, with the five-year sentence to run consecutively to the twenty-year sentence, in the custody of the Mississippi Department of Corrections without eligibility for parole or early release. White filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, White appeals and argues that the circuit court erred by giving jury instruction S-1A, submitted by the State.

¶2. Finding no error in the circuit court's judgment, we affirm.

FACTS

¶3. In the early morning hours of January 1, 2013, White, his girlfriend, Regina James, and Melinda Temple arrived at White's parents' home after a night out. White's mother, Mary, testified that upon hearing commotion when the group arrived, she and her husband came out of the house and onto the porch. Mary then saw White on the porch, pulling James by her hair and punching and kicking her until she fell unconscious. Mary also stated that she saw White punch Temple in the face, and that neither James nor Temple provoked or hit White before White attacked them. When Mary asked White why he was attacking James and Temple, White picked Mary up off of the porch and threw her into the front yard, causing Mary to sustain injuries.

¶4. James testified that she and White were not arguing or fighting prior to arriving at the house. However, she stated that once they arrived at the house, she exited the vehicle, went

2

inside the house, and locked the door. White broke through the glass door and punched her, knocking her unconscious. She stated that all she remembered after being punched is waking up in the hospital. Officer Will Nelson, with the Rankin County Sheriff's Department, testified that the glass door to the house was shattered, and that the door frame was damaged. When he entered the house, he noticed that everyone was bloodied and appeared to be injured, except for White.

¶5. At trial, after the parties rested their cases, the court considered the jury instructions that the parties had submitted. The State had initially submitted jury instruction S1, which only instructed the jury on the elements of aggravated assault. The State later submitted jury instruction S-1A, a revised version of instruction S1, which provided:

> The Court instructs the Jury that if you unanimously find from the evidence in this case, beyond a reasonable doubt, that the defendant, Ronald Derrick White, on or about January 1, 2013, in Rankin County, Mississippi, did:
>
> > 1. unlawfully, feloniously, purposely and knowingly;
> >
> > 2. cause bodily injury to Regina James, a human being;
> >
> > 3. with a means likely to produce death or serious bodily injury;
> >
> > 4. by striking the body of Regina James with hands and closed fists, causing multiple fractures
>
> then and in that event, the defendant, Ronald Derrick White, is guilty of aggravated assault and it is your sworn duty to so find.
>
> The Court instructs the Jury that if you unanimously find that the State has failed to prove all elements of the crime of aggravated assault, you may then proceed in your deliberations to consider the lesser charge of simple assault. However, it is your duty to accept the law given to you by the Court, and if the facts and the law warrant a conviction of the crime of aggravated assault, then

it is your duty to make such a finding, and not be influenced by your power to find a lesser offense. This provision is not designed to relieve you from performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge but does justify a verdict for the lesser crime.

Therefore, if you unanimously find from the evidence in this case, beyond a reasonable doubt, that the defendant, Ronald Derrick White, on or about January 1, 2013, in Rankin County, Mississippi, did:

     1.  purposely, knowingly or recklessly;

     2.  cause bodily injury to Regina James, a human being;

     3.  by striking the body of Regina James with hands and closed fists, causing multiple fractures.

then and in that event, the defendant, Ronald Derrick White, is guilty of the lesser crime of simple assault.

The Court further instructs the Jury that if the State fails to prove any of the above elements of aggravated assault or simple assault, beyond a reasonable doubt, then in that event you must find the defendant, Ronald Derrick White, not guilty.

White objected to instruction S-1A on the ground that it contained excessive and irrelevant language, as it included elements for the lesser offense of simple assault. White argued that the court should refuse instruction S-1A, and give the jury instruction that he had submitted, instruction D-8, arguing that it would be less confusing than instruction S-1A. Instruction D-8 provided:

If you find that the State has failed to prove any one or more of the essential elements of the crime charged in Count I of the Indictment[, aggravated assault], you must find the defendant not guilty of the charge. You will then proceed with your deliberations to decide whether the State has proved beyond a reasonable doubt all of the elements of the lesser crime of Simple Assault. If you find from all of the evidence in this case beyond a reasonable doubt that:

4

1. Ronald White, on or about January 1, 2013[,] in Rankin County, Mississippi;

2. Did purposely and/or knowingly and unlawfully caused bodily injury to Regina James;

3. By striking her with hands and closed fists;

then you shall find the Defendant guilty of Simple Assault.

If the [S]tate has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Ronald White not guilty.

¶6. The court gave instruction S-1A, and refused instruction D-8 on the grounds that the lesser-included offense of simple assault should be in the same instruction as aggravated assault, and that if the lesser-included offense of simple assault was given in a separate instruction, it may confuse the jury.

## ANALYSIS AND DISCUSSION OF THE ISSUE

¶7. Appellate courts review the giving or refusal of certain jury instructions for an abuse of discretion. *Williams v. State*, 111 So. 3d 620, 623 (¶9) (Miss. 2013). "The instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context." *Id*. (quoting *Bailey v. State*, 78 So. 3d 308, 315 (¶20) (Miss. 2012)). "When read together, if the jury instructions fairly state the law of the case and create no injustice, then no reversible error will be found." *Id*.

¶8. White argues that the circuit court erred by giving jury instruction S-1A because the instruction inverted the State's burden of proof and permitted the jury to find White guilty of aggravated assault if he had committed only one element of the offense. More

5

specifically, White alleges that the following language in the instruction is troubling: "[I]f [the jury] unanimously find[s] that the State has failed to prove all the elements of the crime of aggravated assault, [it] may then proceed in [its] deliberations to consider the lesser charge of simple assault." He claims that this portion of the instruction deprived him of his constitutional right to have the jury find him guilty of each and every element of aggravated assault.

¶9. White did not object at trial to the court's giving the instruction on this ground and is, therefore, procedurally barred from making this argument on appeal. *See Boyd v. State*, 47 So. 3d 121, 123-24 (¶10) (Miss. 2010). However, White argues that the court committed plain error by giving instruction S-1A. "Under the plain-error doctrine, [appellate courts] can recognize obvious error which was not properly raised by the defendant and which affects a defendant's fundamental, substantive right." *Conners v. State*, 92 So. 3d 676, 682 (¶15) (Miss. 2012) (quoting *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008)) (internal quotation marks omitted). "For the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice[.]" *Id.*

¶10. There is no evidence that the instruction impeded White's fundamental or substantive rights, nor that the instruction resulted in a manifest miscarriage of justice. Instruction S-1A clearly related all of the elements of aggravated assault and simple assault, and explained that if the State had failed to prove all of the elements of aggravated assault, then the jury could consider the lesser charge of simple assault. The Mississippi Supreme Court has considered the same language that White complains of, and has determined that this same instruction,

6

an "acquit-first" instruction, is not prohibited by the law. *Fulgham v. State*, 46 So. 3d 315, 330 (¶40) (Miss. 2010).

¶11. In *Jones v. State*, 142 So. 3d 420, 424 (¶¶16-17) (Miss. Ct. App. 2013), the appellant challenged the language in an acquit-first instruction, which stated, "The court instructs the jury that if you unanimously find that the State has failed to prove all the elements of the crime of capital murder, you may then proceed in your deliberations to consider the lesser charge of murder." This court held that the instruction did not shift the burden of proof to the defendant, contrary to the defendant's claim. Rather, the instruction reiterated that if the "State failed to prove any element of capital murder, then the jury could consider the lesser crime of simple murder." *Id.* at (¶17).

¶12. Here, the same language that was examined in *Jones* is used in instruction S-1A, and there is no misstatement of the State's burden in proving the defendant's guilt. The instruction did not convey that the State only had to prove one element of aggravated assault in order for the jury to find White guilty of aggravated assault. It is clear from the language that the State had the burden of proving every element of aggravated assault in order for the jury to convict White of aggravated assault. Therefore, the court's decision to give instruction S-1A does not constitute plain error, and White is procedurally barred from making this argument on appeal.

¶13. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE, AS A HABITUAL OFFENDER OF TWENTY YEARS; COUNT II, SIMPLE ASSAULT AGAINST A PERSON OVER SIXTY-FIVE YEARS OF AGE, AND SENTENCE, AS A HABITUAL OFFENDER, OF FIVE YEARS, WITH THE SENTENCE IN COUNT**

7

**II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, BOTH TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**