828 So.2d 835 (2002)
Hayward WATTS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00946-COA.
Court of Appeals of Mississippi.
June 25, 2002.
Rehearing Denied August 20, 2002.
Certiorari Denied October 10, 2002.
*838 James C. Mayo, Louisville, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorneys for appellee.
Before McMILLIN, C.J., THOMAS, MYERS, and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. On May 11, 2001, Hayward Watts was convicted of possession of marijuana and sentenced to three years in the custody of the Mississippi Department of Corrections. Aggrieved, he asserts several issues which we have summarized and clarified as follows:
I. THE LOWER COURT ERRED IN ALLOWING THE STATE TO MAKE REFERENCE TO OTHER BAD ACTS IN ITS CLOSING ARGUMENT.
II. THE VERDICT OF THE LOWER COURT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
*839 III. THE LOWER COURT ERRED IN FAILING TO DISMISS THE INDICTMENT.
IV. THE LOWER COURT ERRED IN AMENDING THE INDICTMENT.
V. THE LOWER COURT ERRED IN FAILING TO COMPEL TIMELY DISCOVERY AND GRANT A CONTINUANCE.
VI. THE LOWER COURT JUDGE ERRED IN REFUSING TO RECUSE HIMSELF.
VII. THE LOWER COURT ERRED IN DENYING A MOTION TO SUPPRESS EVIDENCE GAINED BY A WARRANTLESS SEARCH.
VIII. THE LOWER COURT ERRED IN ENTERING A JUDGMENT ON MAY 18, 2001, TWO DAYS AFTER COURT HAD ADJOURNED ON MAY 16, 2001.
Finding no error, we affirm.

FACTS
¶ 2. On August 26, 1999, Bureau of Narcotics Agent Dave Knight spotted marijuana plants growing behind Hayward Watts' trailer during a helicopter patrol. Knight contacted Agent Mike Perkins by telephone and informed him of the situation. Perkins met Knight at Watts' trailer where they confirmed the presence of three marijuana plants growing in the yard. The agents knocked on the door and Watts came out of the trailer. Watts gave the agents his consent to search the trailer. The agents found and took photographs of numerous marijuana plants growing, potting soil both near the growing plants and against the side of Watts' trailer wall, marijuana seeds in the refrigerator, marijuana in four bags in a bowl, weigh scales in the bedroom, smoking papers, marijuana leaves, residue, and numerou marijuana seeds. Watts told the agents that he did not know what marijuana was and that he had done nothing wrong. The agents arrested Watts and took him into custody at that time.
¶ 3. On March 30, 2000, Watts was indicted for manufacture of less than one ounce of marijuana. On October 23, 2000, Watts was re-indicted for manufacture of more than one ounce of marijuana.
¶ 4. Prior to trial, Watts made a motion to suppress all evidence gained by the State due to the fact that the agents responsible for the arrest, search and seizure did not have a warrant. A suppression hearing was held prior to trial. Based on the testimony of the agents and the physical evidence gained, the lower court denied the motion to suppress. The lower court held that the marijuana plants were in plain view and that Watts had given his consent to search the trailer.
¶ 5. At trial, Watts testified in his own defense. He testified that he did not voluntarily come to the door of his trailer until the agents knocked. He further denied that the marijuana found in his trailer and growing outside belonged to him. He admitted that he consented to the search of his trailer. He stated that he did not know anything about the presence of any marijuana in or outside of his residence.
¶ 6. The lower court found Watts guilty of possession of marijuana and sentenced him to a three year term in the custody of the Mississippi Department of Corrections.

ANALYSIS
I. DID THE LOWER COURT ERR IN ALLOWING THE STATE TO MAKE REFERENCE TO OTHER BAD ACTS IN ITS CLOSING ARGUMENT?
*840 ¶ 7. Counsel is limited in his argument to facts introduced in evidence, deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts. Ivy v. State, 589 So.2d 1263, 1266 (Miss.1991); Davis v. State, 530 So.2d 694, 701-02 (Miss.1988). Parties are given great latitude in making their closing arguments. Dunaway v. State, 551 So.2d 162,163 (Miss.1989).
¶ 8. "Trial courts are allowed considerable discretion to determine whether or not the conduct of an attorney in argument is so prejudicial that an objection should be sustained or a new trial granted." Harvey v. State, 666 So.2d 798, 801 (Miss.1995) (citing Edmond v. State, 312 So.2d 702, 705 (Miss.1975)). "The test to make such determination is whether the natural and probable effect of improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by prejudice." Harvey, 666 So.2d at 801 (citing Johnson v. State, 596 So.2d 865, 869 (Miss.1992).
¶ 9. "Prosecutors are afforded the right to argue anything in the State's closing argument that was presented as evidence." Hanner v. State, 465 So.2d 306, 311 (Miss.1985) (citations omitted). "However, arguing statements of fact which are not in evidence or necessarily inferable from it and which are prejudicial to the defendant is error." Tubb v. State, 217 Miss. 741, 744, 64 So.2d 911, 912 (Miss. 1953).
Counsel was not required to be logical in argument; he is not required to draw sound conclusions, or to have a perfect argument measured by logical and rhetorical rules; his function is to draw conclusions and inferences from evidence on behalf of his client in whatever he deems proper, so long as he does not become abusive and go outside the confines of the record.
Johnson v. State, 416 So.2d 383, 391 (Miss. 1982) (citation omitted).
¶ 10. The following statements were made during the State's closing argument:
STATE: Now I wouldn't expect the normal defendant to do that I wouldn't expect Mr. Haywood Watts to be standing out there next to his plants posing for a picture in the Winston Journal when the helicopter came over, but I would expect reasonable person, like I think y'all are, that if some helicopter came over and landed 30 feet next to his trailer or 30 yards as he said and Bureau agents pulling up in his yard, that he would have come out and investigated the matter. And do you know why he didn't? It's because of the scattered marijuana in his residence. Mr. Watts was feverishly, and I think it is reasonable for y'all to conclude that Mr. Watts was getting rid of whatever was in that trailer that he thought those agents could....
DEFENSE: Your Honor, there is not one witness testified to that.
STATE: That is reasonable, Your Honor, for the jury to conclude that.
COURT: I think it is reasonable inference. I will overrule the objection.
Earlier testimony established that there were marijuana plants outside of the Watts residence, the Bureau helicopter landed near the Watts residence, various marijuana and paraphernalia objects were found within the Watts residence, and Watts did not open his front door or go outside of his residence until the agents knocked on the door.
¶ 11. Based on this evidence, it is a reasonable inference that Watts was hiding or destroying the marijuana in his trailer prior to answering the agents' *841 knock. A conviction will not be reversed due to an improper remark during closing argument unless this Court is convinced that the remark influenced the jury and contributed to the verdict. In the present case, we are not convinced that the comment by the district attorney served to prejudice the jury and influence the verdict. We hold this issue is without merit. II. WAS THE VERDICT OF THE LOWER COURT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 12. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss. 1987). In Ford v. State, 753 So.2d 489, 490 (Miss. Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss. 1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). "Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." Hughes v. State, 724 So.2d 893, 896 (Miss.1998). It has also been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979).
¶ 13. As we have already stated, the State provided the ample evidence during the lower court proceedings. The State entered photographs of three marijuana plants growing in the yard, potting soil both near the growing plants and against the side of Watts' trailer wall, marijuana seeds in the refrigerator, marijuana in four bags in a bowl, weigh scales in the bedroom, smoking papers, marijuana leaves, residue, and numerous marijuana seeds. The State also provided a report from the narcotics lab confirming that the plants and plant leaves were marijuana. The State also provided testimony from Bureau agents which established that Watts was found alone at the trailer with the marijuana throughout the residence. Watts admitted during testimony that he was the only resident at the trailer. We find the evidence in the case at hand to support the guilty verdict.
III. DID THE LOWER COURT ERR IN FAILING TO DISMISS THE INDICTMENT?
¶ 14. On May 10, 2001, Watts requested a dismissal of the indictment of manufacture of more than one ounce of marijuana. Watts based this request on the fact that the new indictment was never stamped "filed." The State pointed out that the indictment was properly recorded in Minute Book 12 page 451 of the Winston County Circuit Court, although it had been neglected a "filed" stamp. However, the initial indictment with the identical facts *842 had been stamped "filed." The lower court denied this request.
¶ 15. The failure to have the clerk's filing endorsement on an indictment is a procedural problem, not a jurisdictional one. Jones v. State, 356 So.2d 1182, 1183-4 (Miss.1978). Our supreme court has held that although a copy of the indictment was not stamped "filed," the evidence was clear that the indictment was not manufactured by the State and the defendant was indicted by the grand jury. Kincaid v. State, 711 So.2d 873, 877 (Miss. 1998). Such is the case at hand. The failure to stamp the indictment "filed" was a simple procedural oversight that was easily corrected. The evidence is clear that the indictment was filed in Minute Book 12 page 451 of the Winston County Circuit Court.
IV. DID THE LOWER COURT ERR IN AMENDING THE INDICTMENT?
¶ 16. On March 30, 2000, Watts was indicted for manufacture of less than one ounce of marijuana, with the date of the offense listed as August 29, 1999. On October 23, 2000, Watts was re-indicted for manufacture of more than one ounce of marijuana, with the date of the offense listed as August 26, 1999.
¶ 17. Watts asserts that the offense he was charged with was a continuing offense and that by changing the date of the offense from August 29 to August 26 his defense was prejudiced. Watts argues that the fact that this change took place, coupled with the fact that he was denied a continuance, shows that the amendment interfered with his defense.
¶ 18. Watts did not make an objection to the amending of the indictment to reflect the date of the offense as August 26 rather than August 29. Watts does not deny the lack of a contemporaneous objection in his reply brief. "If no contemporaneous objection is made, the error, if any, is waived." Cole v. State, 525 So.2d 365, 368 (Miss.1987). Therefore, this issue has been waived.
¶ 19. For Watts' benefit, we will briefly address this issue regardless of the fact that it has been waived. "[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Wilson v. State, 574 So.2d 1324, 1333 (Miss.1990) (quoting Shelby v. State, 246 So.2d 543, 545 (Miss.1971)). "The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made." Griffin v. State, 584 So.2d 1274, 1276 (Miss. 1991).
¶ 20. The change in the indictment did not materially alter the facts which were the essence of the offense on the original indictment, nor did it materially alter the defense. Therefore, this assignment of error is without merit.
V. DID THE LOWER COURT ERR IN FAILING TO COMPEL TIMELY DISCOVERY AND GRANT A CONTINUANCE?
¶ 21. On May 10, 2001, Watts requested a continuance, citing the State's failure to give Watts access to evidence to be used at trial, specifically photographs taken of marijuana at the Watts residence. The State pointed out at that time that such discovery had taken place under the previous indictment, which was based on identical facts. The State's response to discovery was mailed to counsel for Watts on October 6, 2000. It clearly states in that *843 response "physical evidence, photographs: photographs available for inspection upon request." The State also pointed out that it had been in frequent contact with counsel for Watts during plea bargain discussions during the prior week. No mention of the photos or a continuance had been made until this time. The lower court found that there was no discovery violation and no need for a continuance. We agree.
¶ 22. Watts cannot complain of the fact that his counsel had not taken the opportunity to review the photographs which were made available to him. Nor should a continuance be granted in order to extend the period of time for Watts to review these photographs when it is clear that he had months to do so. Therefore, this issue has no merit.
VI. DID THE LOWER COURT JUDGE ERR IN REFUSING TO RECUSE HIMSELF?
¶ 23. We apply an objective standard in deciding whether a judge should have disqualified himself from hearing a case. Miss.Code of Jud. Conduct Canon 3. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Jenkins v. Forrest County Gen. Hosp., 542 So.2d 1180, 1181 (Miss. 1988). "The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application." Collins v. Joshi, 611 So.2d 898, 902 (Miss.1992). On appeal, a trial judge is presumed to be qualified and unbiased, and this presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption. Bredemeier v. Jackson, 689 So.2d 770, 774 (Miss. 1997). When a judge is not disqualified under the constitutional or statutory provisions the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion. Buchanan v. Buchanan, 587 So.2d 892, 895 (Miss.1991).
¶ 24. On May 10, 2001, Watts requested a recusal from Judge Loper based on his statements about the need to speed up trial dates, including the Watts trial. Judge Loper admitted making such statements but disagreed that those statements created any prejudice to Watts. Watts' request for a recusal was denied.
¶ 25. Judge Loper displayed no signs of bias or partiality in the case at hand. Nor did Judge Loper conduct himself in any way to merit recusal. We agree with the lower court that a recusal was not necessary in the case at hand.
VII. DID THE LOWER COURT ERR IN DENYING A MOTION TO SUPPRESS EVIDENCE GAINED BY A WARRANTLESS SEARCH?
¶ 26. Our supreme court has held on several occasions that a valid consent to a search is a recognized exception to the warrant requirement. See Whittington v. State, 523 So.2d 966, 973 (Miss.1988); Hudson v. State, 475 So.2d 156, 157-58 (Miss.1985); Jackson v. State, 418 So.2d 827, 830 (Miss. 1982). Our supreme court has also recognized the legal standard established by the United States Supreme Court that evidence found in plain view by officers who have a legal right to be in the position to view, can be seized without a warrant as long as the object's incriminating character is immediately apparent. Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).
¶ 27. Watts made a motion to suppress all evidence gained by the State due to the fact that the agents responsible for the arrest, search and seizure did not have a warrant. A suppression hearing was held *844 prior to trial. The lower court denied the motion to suppress, holding that the marijuana plants were in plain view and that Watts had given his consent to search the trailer.
¶ 28. Watts admitted in his own testimony that he gave the agents consent to search his trailer. It is also clear from the photographs that the marijuana plants were in plain view from the helicopter. We agree with the lower court that all evidence gained by the State from the warrantless search was admissible due to Watts' consent and the plain view exception.
VIII. DID THE LOWER COURT ERR IN ENTERING A JUDGMENT ON MAY 18, 2001, TWO DAYS AFTER COURT HAD ADJOURNED ON MAY 16, 2001?
¶ 29. The only authority cited in this assertion of error is Uniform Rule of Circuit and County Court 11.01. This rule states that a "sentence must be imposed without unreasonable delay." URCCC. 11.01. The record reflects that Watts was sentenced on May 11, 2000. After a review of the record, it is clear that the lower court complied with URCCC 11.01 in sentencing Watts.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, DRIVING PRIVILEGES SUSPENDED FOR SIX MONTHS AND FINE OF $3,000 IS AFFIRMED. SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. THE COSTS OF THIS APPEAL ARE TO BE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.