# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00023-COA

**WILLIAM SCOTT ASHWELL A/K/A WILLIAM**
**ASHWELL A/K/A WILLIAM S. ASHWELL**
<span style="float:right">APPELLANT</span>

v.

**STATE OF MISSISSIPPI**
<span style="float:right">APPELLEE</span>

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2014 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY KEVIN BYRNE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL – POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 06/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2015-CA-00626-COA

**WILLIAM SCOTT ASHWELL A/K/A WILLIAM**
**ASHWELL A/K/A WILLIAM S. ASHWELL**
<span style="float:right">APPELLANT</span>

v.

**STATE OF MISSISSIPPI**
<span style="float:right">APPELLEE</span>

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2014 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY KEVIN BYRNE |

ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                   BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:           CIVIL – POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     DENIED MOTION FOR POST-
                                   CONVICTION RELIEF
DISPOSITION:                  AFFIRMED – 06/07/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     William Ashwell appeals the Lawrence County Circuit Court's judgment denying his motion for post-conviction relief (PCR). He claims that he is automatically entitled to relief because bills of information were not filed when he pleaded guilty to burglary and escape during 2006. Referring to statements in other documents and the transcript of the guilty-plea hearing, the circuit court found that although the bills of information had not been filed, they existed when Ashwell entered his guilty pleas. Consequently, the circuit court denied Ashwell's PCR motion. We affirm the circuit court's judgment.

## BACKGROUND

¶2.     On December 14, 2006, Ashwell filed waivers of indictment consenting to prosecution for "burglary of an inhabited dwelling" and escape by bills of information. Ashwell also filed separate guilty-plea petitions. That same day, the circuit court conducted a guilty-plea hearing, and accepted both of Ashwell's guilty pleas.[1] Later that month, the

---

[1] Judge Michael Eubanks had previously announced that he would retire at the end of 2006. He simultaneously conducted guilty-plea hearings related to twelve defendants. They were all represented by the same appointed attorney. And all but one of them pleaded guilty based on bills of information.

circuit court entered a sentencing order regarding Ashwell's burglary conviction. The circuit court sentenced Ashwell to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). But the circuit court retained sentencing jurisdiction incident to Ashwell's burglary conviction. The circuit court held that it would modify Ashwell's burglary sentence if he successfully completed MDOC's Regimented Inmate Discipline (RID) program and a three-month drug and alcohol treatment program. In that event, the circuit court would place Ashwell in MDOC's Intensive Supervision Program (ISP) for two years, suspend the remaining portion of Ashwell's sentence, and place him on post-release supervision for that remainder.

¶3. On January 2, 2007, the circuit court entered its order regarding Ashwell's sentence for escape.[2] The circuit court sentenced Ashwell to five years in MDOC custody, to run concurrently with Ashwell's burglary sentence. Again, the circuit court held that if Ashwell completed two years in ISP, the remaining three years of his escape sentence were "to be served under the post-release provisions . . . ." Additionally, Ashwell's concurrent escape sentence in ISP would begin only when the ISP portion of his burglary sentence began. As mentioned above, the ISP portion of Ashwell's burglary sentence had not begun at that time, because it was still contingent on his completion of the RID program and the drug and alcohol treatment program.

¶4. As of November 5, 2007, Ashwell had successfully completed the RID program, and he was expected to complete the drug and alcohol treatment program a short time later. So

---

[2] Judge Eubanks signed the order on December 27, 2006.

the circuit court entered an "amended order" regarding Ashwell's burglary conviction. Consistent with the initial sentencing order for burglary, the circuit court placed Ashwell in ISP for two years. The circuit court further provided that if Ashwell successfully completed two years in ISP, the remaining thirteen years of his sentence would be suspended "pending successful completion" of five years of post-release supervision.[3]

¶5. Presumably, Ashwell remained in ISP for two years, and he was placed on post-release supervision. In July 2010, Ashwell was accused of violating the post-release-supervision terms by testing positive for marijuana use during March 2009, and being arrested on some unspecified date for possession of precursors with intent to manufacture methamphetamine. In each case, Ashwell waived a revocation hearing. The circuit court subsequently revoked Ashwell's post-release supervision for burglary and escape.

¶6. In August 2013, Ashwell filed a pro se PCR motion challenging both of his convictions. He claimed that the circuit court never had jurisdiction to accept his 2006 guilty pleas, because the underlying criminal dockets did not reflect the existence of bills of information. Stated differently, neither docket file contained a bill of information, nor any indication that one had ever been filed. Ashwell reasoned that the bills of information never

---

[3] The circuit court did not suspend any portion of Ashwell's burglary sentence at that time. Instead, the circuit court made the future suspension of the burglary sentence contingent upon his successful completion of two years in ISP. *See Ivory v. State*, 999 So. 2d 420, 431 (¶35) (Miss. Ct. App. 2008). The circuit court arguably went to significant lengths to give Ashwell opportunities to avoid a more lengthy term of incarceration, because the circuit court "lacked the authority to defer the question of suspension of part of [Ashwell]'s sentence to a later date . . . conditioned on an event that may or may not occur in the future." *Johnson v. State*, 77 So. 3d 1152, 1155 (¶8) (Miss. Ct. App. 2012). Furthermore, Ashwell's conditionally suspended burglary sentence could not be "self-executing." *Id*.

4

existed.

¶7.　The circuit court appointed an attorney to represent Ashwell, and ordered the State to respond to his PCR motion.[4]　Conceding that neither docket contained a filed bill of information, the State argued that Ashwell's guilty pleas were still valid based on other documents that referenced the bills of information.　The State attached an affidavit of the prosecutor who had been present during Ashwell's guilty pleas.　According to the prosecutor's affidavit, Ashwell would not have been allowed to plead guilty "without a [b]ill of [i]nformation being sworn and executed."　Relying on the prosecutor's affidavit, Ashwell's waivers of indictment, the guilty-plea petitions, and statements during the guilty-plea hearing, the circuit court agreed with the State.　Therefore, the circuit court denied Ashwell's PCR motion.　Ashwell appeals.

## STANDARD OF REVIEW

¶8.　"We will not disturb a circuit court's denial of a PCR motion unless the decision is found to be clearly erroneous." *Edmondson v. State*, 17 So. 3d 591, 594 (¶5) (Miss. Ct. App. 2009).　We review questions of law de novo. *Id*.　Ashwell bore the burden to show that he was entitled to relief by a preponderance of the evidence. *See Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011).

## DISCUSSION

### I.　Burglary

---

[4] In its June 2014 order, the circuit court noted that Ashwell had been released from custody.　That is consistent with a statement in Ashwell's PCR motion indicating that he anticipated being released on parole.

¶9. Ashwell argues that the absence of a filed bill of information in the criminal docket automatically entitles him to relief. He further argues that the circuit court improperly referenced other documents to conclude that there had been a bill of information when he pleaded guilty. Alternatively, he claims that the documents at issue were inadequate to demonstrate that a bill of information had existed.

¶10. "No person shall, for any indictable offense, be proceeded against criminally by information, except in cases . . . where a defendant represented by counsel by sworn statement waives indictment . . . ." Miss. Const. art. 3, § 27. Without question, the circuit court did not acquire subject-matter jurisdiction simply because Ashwell pleaded guilty. "[A] guilty plea does not waive subject[-]matter jurisdiction." *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). But the Mississippi Supreme Court has held that a trial court may acquire jurisdiction by means other than a bill of information. "Jurisdiction vests in a particular court when an accused is arrested pursuant to a warrant issued by that court." *Rhodes v. State*, 335 So. 2d 907, 908 (Miss. 1976). Furthermore, "[a] properly executed waiver of indictment vests the trial court with full authority to dispose of the felony offense for which indictment was waived." *Berry v. State*, 19 So. 3d 137, 138 (¶8) (Miss. Ct. App. 2009).

¶11. Texas courts have held that a filed bill of information is necessary to confer subject-matter jurisdiction. *See Williams v. State*, 767 S.W.2d 868, 871 (Tex.Ct. App. 1989) ("It is true that the information must be filed in a felony case to confer jurisdiction on the court."). But article 5, section 17 of the Texas constitution states that "[p]rosecutions may be commenced . . . by information *filed by* the county attorney . . . ." (Emphasis added). Florida

6

courts also require a filed bill of information. *See Sadler v. State*, 949 So. 2d 303, 305 (Fla. Dist. Ct. App. 2007) ("A court's jurisdiction to try an accused defendant is not invoked and does not exist unless the State files an information or indictment."). But article I, section 15(a) of the Florida constitution says: "No person shall be tried for [a] . . . felony without . . . an information *filed by* the prosecuting officer of the court . . . ." (Emphasis added). As quoted above, the Mississippi Constitution does not contain "filed by" language. Instead, Article 3, Section 27 provides that "for any indictable offense," a defendant may only be proceeded against by information if he waives indictment through a sworn statement while represented by counsel.

¶12. To be precise, Ashwell's waiver of indictment said:

> I understand that I stand charged with the crime of burglary of an inhabited dwelling, an indictable offense, by information and affidavit dated the 14th day of December, 2006, and that said information and affidavit alleges said crime to have been committed on or about _____, 200_, in Lawrence County, Mississippi.

When Ashwell pleaded guilty, he clearly proceeded as though a bill of information existed at the time. Through his guilty-plea petition, Ashwell stated his intent to plead guilty to burglary. The burglary statute was quoted within the guilty-plea petition, including its reference to the three-year minimum and twenty-five-year maximum sentences upon conviction.

¶13. In *State v. Hart*, 80 So. 3d 25, 28 (La. Ct. App. 2011), the Louisiana Court of Appeal found that harmless error resulted where a bill of information was missing from the record, but the defendant "waived a formal reading of the bill of information," there was "no

7

indication that [the] defendant was unaware of the charges against him," and he did not allege that he had been prejudiced. Here, comments during the guilty-plea hearing further support a conclusion that there was a written bill of information when Ashwell pleaded guilty. The circuit court asked Ashwell whether he wanted "to have [his] charge[s] read to [him.]" Ashwell declined. The circuit court then stated: "[Y]ou have two charges. One of them is burglary, breaking and entering into an inhabited dwelling." When asked how Ashwell intended to plead "[t]o that charge," he responded, "[G]uilty." A short time later, the circuit court asked whether "[t]he facts that are stated in the charges then are true and correct?" Ashwell responded, "Yes, sir."

¶14. We find no merit to Ashwell's claim that his burglary conviction must be vacated because a bill of information was not filed. All parties involved certainly proceeded as though a bill of information existed. And Ashwell cites no authority to support a finding that the lack of a filed bill of information automatically results in reversible error. The failure to file the bill of information in this case appears to be the result of oversight. Although this opinion should not be construed in a manner that diminishes the critical importance of filing a bill of information, under the precise circumstances of this case, we find that circuit court acted within its discretion when it denied Ashwell's PCR motion. That is, it was within the circuit court's discretion to find that there had been a bill of information based on Ashwell's waiver of indictment, guilty-plea petition, and comments during the guilty-plea hearing. We find no merit to this issue.

**II.     Voluntary Plea**

8

¶15. According to Ashwell, his guilty plea to burglary was involuntary, and his waiver of indictment was defective because it did not specify the date of the offense. Ashwell waived this procedural defect when he pleaded guilty. *See Black v. State*, 806 So. 2d 1162, 1164 (¶5) (Miss. Ct. App. 2002). A prisoner waives a claim that a charging document is defective if he does not raise it within the three-year time limitation. *Kelly v. State*, 797 So. 2d 1003, 1005 (¶4) (Miss. 2001). Consequently, this issue is procedurally barred.

### III. Escape

¶16. This consolidated appeal originated from a single PCR motion that the circuit court essentially divided into two proceedings, because a prisoner may only challenge one conviction in a PCR motion. *See* Miss. Code Ann. § 99-39-9(2) (Rev. 2015). "This means that a separate [PCR] motion . . . must be filed for each cause number or conviction." *Blount v. State*, 126 So. 3d 927, 930 (¶7) (Miss. Ct. App. 2013) (citation omitted). It is unnecessary to discuss the procedural details that led to consolidation of the appeals. It is enough to note that Ashwell's challenges regarding each conviction were basically the same – that they were fundamentally invalid for lack of a filed bill of information. It is equally unnecessary to repeat the analysis above. Suffice it to say, it was within the circuit court's discretion to find that a bill of information for escape existed based on statements in the waiver of indictment, the guilty-plea petition, and the transcript of the guilty-plea hearing. And Ashwell is procedurally barred from claiming that his guilty plea was involuntary because the waiver of indictment did not list the date of the offense.

¶17. **THE JUDGMENT OF THE LAWRENCE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL**

**COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**