DICKINSON, PRESIDING JUSTICE,
FOR THE COURT:
¶ 1. William Ashwell pleaded guilty to burglary and escape. He now seeks post-conviction relief. Because the circuit court lacked jurisdiction and authority to accept guilty pleas when Ashwell never had been charged with a crime, we reverse and vacate his convictions.
FACTS AND PROCEDURAL HISTORY
¶2. William Scott Ashwell filed two Waivers of Indictment and Petitions to Enter Plea of Guilty in the Circuit Court of Lawrence County. Although the waivers stated that Ashwell stood charged with burglary and escape, no criminal information had been filed. Ashwell pleaded guilty and the circuit judge entered orders of conviction.
¶ 3. Ashwell later filed a pro se Petition for Writ of Habeas Corpus/Motion to Va *71 cate Conviction and Sentence in the Circuit Court of Lawrence County, claiming the circuit court lacked jurisdiction or authority to accept his guilty pleas because the State never filed' any charging documents.-Ashwell supported his petition with copies of the docket sheet from each cause number, which reflected no indictment or information had been filed. The petition also claimed Ashwell’s waivers were ineffective because they failed to specify the dates of the offenses.
¶ 4. The circuit judge treated the filing as a petition for post-conviction relief, appointed Ashwell counsel, and ordered the State to respond. After the State responded, the circuit judge entered an order denying Ashwell relief from the burglary conviction on the merits, and from his escape conviction because Ashwell attacked both convictions in the same petition, which Mississippi Code Section 99-39-9(2)—a procedural statute—purports to prohibit.
¶ 5. The circuit judge found that, even though no indictment or information charging Ashwell with a crime had been filed, such document must exist because of references to it in the plea colloquy and the prosecutor’s affidavit. Ashwell appealed, and the Court of Appeals affirmed.[1] Ashwell then petitioned this Court for writ of certiorari, which we granted.
ANALYSIS
¶. 6. We first consider whether Section 99-39-9(2) prohibited the circuit judge from considering the merits of Ashwell’s claim concerning his escape conviction. The Mississippi Constitution divides “[t]he powers of the government of the State of Mississippi ... into three distinct departments, ... each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.”[2] “No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others!”[3] “The judicial power of the state shall'be vested in a Supreme Court and such other courts as are provided for in this constitution.”[4]
¶7. In Newell v. State, this Court declared “[t]he inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts.”[5] “This leaves no room for a division of authority between the. judiciary and the legislature as to the power to promulgate procedural rules necessary to accomplish the judiciary’s constitutional purpose.”[6]
¶ 8. Mississippi Code Section 99-39-9(2) states “[a] mqtion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.”[7] In Wimley v. Reid, this Coürt 'found that Mississippi Code Section 11-1-58’s requirement that a medi *72 cal-malpractice. plaintiff attach to his complaint a certificate of consultation with a physician was a procedural rule and therefore unconstitutional.[8] While the Court recognized the legislative prerogative to establish substantive presuit requirements, the Court squarely decided that the Mississippi Constitution empowers this Court, not the Legislature, to establish the rules governing the- content of a pleading in the courts of this State.[9]
¶ 9. Section 99-39-9(2) suffers from the same constitutional flaw. Through that statute, the Legislature mandates that a petition for post-conviction relief attack only one conviction. This would be no different from a statute prohibiting more than one count in a tort lawsuit complaint and mandating that plaintiffs must file separate lawsuits for each count; The Constitution grants the Legislature no power .to limit the number of claims a litigant may plead in a particular pleading. So we find that the circuit judge erred by rejecting Ashwell’s claim pertaining to his escape conviction. And we decline to impose any such rule which, in cases such as the one before us today, unnecessarily would require duplicate filings.
¶ 10. It is well settled that “[a] plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction.”[10]
¶ 11. The Court of Appeals affirmed the circuit judge’s reasoning that a criminal information must have existed because it was mentioned in the plea documents, plea colloquy, and a prosecutor’s affidavit. But Ashwell’s claim does not rest on the existence of a document, which purported to be a criminal information, but rather on the fact that the State failed ever to charge him with a crime.
¶ 12. The docket sheet in each criminal case reflects that no criminal information—even .assuming .one existed—ever was filed with .the circuit court. Nor did the criminal files themselves include any charging document, a fact the circuit judge confirmed by personally reviewing each criminal file. The prosecutor who handled Ashwell’s cases. could say only that in “[t]he normal procedure” for a prosecution by criminal information, “the Bill of Information is submitted by the; ¡District Attorney’s Office to the Clerk of Court,” and that “[t]o my knowledge, the normal procedure for a plea by Bill of Information would have occurred in this case.”[11] In disputes over the content of a court record, this Court has held that the docket entries control.[12] So the prosecutor’s statement of “would have occurred” is of no help.
¶ 13. The very nature of a criminal information shows .that one must be filed for the court to proceed. Historically, an information was a charging document in the king’s name “filed -ex officio by his own immediate officer, the attorney general” or “filed by the king’s coroner and attorney *73 in the court of king’s bench.”[13] A prosecution by criminal information followed “when an information is filed.”[14]
¶ 14. Likewise, this Court has recognized that a defendant is charged when the information is filed.[15] “[T]he filing of the criminal information charging him with simple robbery and aggravated assault ... took place on July 31, 1989.”[16] So we must agree with Ashwell’s contention that the circuit court lacks jurisdiction and authority to accept a guilty plea for a crime for which he never has been charged.
CONCLUSION
¶ 15. Because the State never charged Ashwell with a crime, the circuit court lacked jurisdiction and authority to accept Ashwell’s guilty pleas.- So we reverse the decision of the Court of Appeals, reverse the judgment of the circuit court, and vacate Ashwell’s-convictions for burglary and escape.
¶ 16. REVERSED AND VACATED.
KING AND COLEMAN, JJ., CONCUR. KITCHENS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING AND COLEMAN, JJ.; MAXWELL, BEAM AND CHAMBERLIN, JJ., JOIN IN PART. CHAMBERLIN, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P. J., MAXWELL AND BEAM, JJ.; KITCHENS, J, JOINS IN PART. BEAM, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. WALLER, C.J., NOT PARTICIPATING.

. Ashwell v. State, 225 So.3d 1258, 1261-63, 2016 WL 3154003, **2-4 (Miss. Ct. App. June 7, 2016).

. Miss. Const. art. 1, § 1.

. Miss. Const. art. 1, § 2.

. Miss. Const. art. 6, § 144.

. Newell v. State, 308 So.2d 71, 76 (Miss. 1975) (citing Matthews v. State, 288 So.2d 714 (Miss. 1974); Gulf Coast Drilling & Expl. Co. v. Permenter, 214 So.2d 601 (Miss. 1968); S. Pac. Lumber Co. v. Reynolds, 206 So.2d 334 (Miss. 1968)).

. Newell, 308 So.2d at 77.

. Miss. Code Ann. § 99-39-9(2) (Rev. 2015).

. Wimley v. Reid, 991 So.2d 135, 138 (Miss. 2008).

. Id. at 138-39.

. Conerly v. State, 607 So.2d 1153, 1156 (Miss. 1992) (citing Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989)).

. Emphasis added.

. Bank of Richton v. Jones, 153 Miss. 796, 121 So. 823, 824 (1929); see also Duncan v. Gerdine, 59 Miss. 550, 553 (1882) ("Where the law requires an entry or memorandum of a particular transaction to be made in a court of justice, the official entry or memorandum excludes all independent evidence of the same.”).

. William C. Sprague, Blackstone’s Commentaries 510 (9th ed. 1915) (emphasis added).

. Id. at 510-11.

. Conerly, 607 So.2d at 1156.

. id.