CARLTON, J., DISSENTING:
 

 ¶ 46. I respectfully dissent from the majority's opinion finding no error by the circuit court in allowing the State to prosecute Thompson for first-degree, or deliberate-design, murder in violation of section 97-3-19(1)(a) without also prosecuting Thompson on the indicted offense of capital murder (felony murder) in violation of section 97-3-19(2)(e). Finding error by the circuit court, I would reverse Thompson's conviction and vacate his sentence.
 
 [3]
 

 ¶ 47. On December 8, 2009, a grand jury indicted Dennis Thompson for Count I, conspiracy to commit robbery in violation
 of Mississippi Code Annotated section 97-3-73 (Rev. 2006), and Count II, capital murder in violation of Mississippi Code Annotated section 97-3-19 (2)(e), with the underlying predicate felony of robbery.
 
 See
 

 Miss. Code Ann. §§ 97-1-1
 
 (Rev. 2006) & 97-3-19(2)(e) (Rev. 2006). In Thompson's first trial, a jury found him not guilty of Count I, conspiracy to commit robbery, but deadlocked on Count II, capital murder (felony murder). The circuit court declared a mistrial as to the capital-murder charge. The circuit court also provided that the State could retry Thompson on the offense of deliberate-design murder but not the indicted offense of capital murder (felony murder). The instant appeal addresses Thompson's subsequent trial, wherein Thompson was tried for the offense of deliberate-design murder but not prosecuted or retried on the indicted offense. During the second trial, where the State prosecuted only deliberate-design murder and not the offenses charged in Thompson's indictment, a jury found Thompson guilty of first-degree (deliberate-design) murder in violation of Mississippi Code Annotated section 97-3-19(1)(a) (Rev. 2006).
 

 ¶ 48. Following the circuit court's denial of his motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, Thompson appeals. On appeal, he asserts the following issues: (1) the circuit court erred by denying his motion for a JNOV or, in the alternative, a new trial; (2) the circuit court erred by admitting into evidence threatening pretrial statements he made; and (3) the circuit court erred by allowing the State to retry him on the charge of simple murder without a new indictment.
 

 ¶ 49. I find dispositive Thompson's third assignment of error. The circuit court erred by allowing the State to prosecute Thompson for first-degree, or deliberate-design, murder in violation of section 97-3-19(1)(a) without also prosecuting Thompson on the indicted offense of capital murder (felony murder) in violation of section 97-3-19(2)(e). I would therefore reverse Thompson's conviction and vacate his sentence.
 
 [4]
 
 As previously addressed, pursuant to a multicount indictment, a grand jury indicted Thompson on December 8, 2009, for Count I, conspiracy to commit robbery in violation of section 97-3-73, and Count II, murder during the commission of a robbery, in violation of section 97-3-19(2)(e) (felony murder). At the conclusion of Thompson's first trial, the circuit court entered an order declaring a mistrial as to Count II. However, the circuit court prohibited the State from retrying Thompson on Count II of the indictment and provided that the State could only prosecute Thompson for a lesser-included offense of Count II. The State thereafter prosecuted Thompson for a lesser-included offense rather than for the offense in Count II of the indictment. The circuit court's order is contained in the record before us on our review of Thompson's second trial. I now turn to the relevant facts set forth in the record before us, including the circuit court's order declaring a mistrial.
 

 ¶ 50. At Thompson's first trial in February 2014, the circuit court instructed the jury on the indicted offenses of conspiracy and capital murder as well as the lesser-included offense of murder. The record reflects that, during its deliberations, the jury reported to the bailiff that it was unable to reach a decision. The court called the jury back into the courtroom to ask about the jury's numerical division. In response, the jury stated it was split 9-2, with one juror undecided. However, the record indicates that the jury did not specify
 whether the split applied to one or both counts charged in the indictment. After finding the jury's "split was not so divisive as to suggest that the jury was hopelessly deadlocked," the circuit court administered a
 
 Sharplin
 

 [5]
 
 charge and instructed the jury to continue deliberations.
 

 ¶ 51. The record establishes that the jury once again reported that it remained unable to agree. The circuit court recalled the jury to the courtroom a second time and, through questioning, determined that the jury had reached a unanimous verdict of "not guilty" as to Count I, conspiracy to commit robbery. The foreperson informed the circuit court that the split within the jury as to Count II now totaled 10-2.
 

 ¶ 52. The record shows that the jury once more returned to its deliberations as to Count II. For the third time, however, the jury reported that it remained unable to reach an agreement. Although the jury did not report a verdict as to Count II, the circuit court surmised from its colloquy with the jury that the jury's finding as to the capital-murder charge was adverse to the State. The circuit court also surmised that the jury was divided as to the lesser-included offense of murder. The circuit court directed the jury to continue its deliberations regarding Count II. After further deliberations, the jury yet again reported to the bailiff that it remained unable to reach agreement. The circuit court then declared a mistrial as to Count II.
 

 ¶ 53. The circuit court's order declaring a mistrial provided that, although the jury did not actually report a verdict as to Count II, based on the court's conversation with the jury and the difficulty the jury experienced in reaching a determination regarding the lesser-included offense of murder, the circuit court concluded that the jury's finding as to the capital-murder charge was adverse to the State. The circuit court's order declaring a mistrial provided the following directive: "As such, while the State will be permitted to retry the [D]efendant, such retrial will be limited to the charge of 'murder[,]' and the State will not be permitted to retry the [D]efendant on a charge of 'capital murder.' " Thus, as the record reflects, the circuit court declared a mistrial as to the indicted offense of Count II, capital murder, and the circuit court directed that the State could retry Thompson only on the lesser-included offense of murder.
 

 ¶ 54. The record further shows that, upon Thompson's subsequent trial in July 2014, in accordance with the circuit court's prior instruction, the State prosecuted Thompson only for the lesser-included offense of first-degree (deliberate-design) murder in violation of section 97-3-19(1)(a) and not for the actual indicted charge of felony murder in violation of section 97-3-19(2)(e). Thus, the record shows that, in the subsequent trial, Thompson was not prosecuted for the offenses charged in the indictment. After the jury found Thompson guilty of first-degree murder, the circuit court sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively to any and all sentences previously imposed. Thompson filed an unsuccessful motion for a JNOV or, in the alternative, a new trial. Aggrieved by his conviction and sentence, Thompson appeals.
 

 ¶ 55. In his recent concurrence in
 
 Ashwell v. State
 
 ,
 
 226 So.3d 69
 
 , 77 (¶ 27) (Miss. 2017), Justice Kitchens explicitly stated that an indictment is essential to show a prosecution is carried out in the State of Mississippi's name and authority.
 
 See also
 
 Miss. Const. art. 6, § 169 ("[A]ll prosecutions shall be carried on in the name and by authority of the 'State of Mississippi[.]' "). Justice Kitchens further explained that "[t]he charging document in a criminal case establishes that the prosecution is brought in the name of the State, an indispensable prerequisite" to a felony prosecution.
 
 Ashwell
 
 ,
 
 226 So.3d at 77
 
 (¶ 27) (Kitchens, J., concurring). In the present case, as in
 
 Ashwell
 
 , without a prosecution on the indictment, the record on appeal lacks evidence in Thompson's second trial and resulting conviction to show that the prosecution was brought in the State of Mississippi's name and authority. In the subsequent trial, the State failed to prosecute Thompson for the crime charged in Count II of the indictment. Instead, the State prosecuted Thompson only for a lesser-included offense. As Justice Kitchens acknowledged in
 
 Ashwell
 
 , the indictment's absence leaves a defendant unable to plead double jeopardy in a future prosecution for the same or similar offenses.
 

 Id.
 

 Justice Kitchens also explained that an indictment constitutes a prerequisite to the State's ability to prosecute a felony unless the defendant waives the indictment and consents to proceeding by information.
 

 Id.
 

 at 75
 
 (¶ 24).
 

 ¶ 56. With regard to the present case, no dispute exists that deliberate-design murder constitutes a lesser-included offense of capital murder. However, prosecution on the indictment is a prerequisite to obtaining a conviction for a lesser-included offense. Of course, the jury may be instructed upon all lesser-included offenses of that indicted offense that are supported by the evidence.
 
 [6]
 
 The majority relies on
 
 Gangl v. State
 
 ,
 
 539 So.2d 132
 
 (Miss. 1989), for its position that Thompson waived any challenges to notice or inadequacy in the indictment. However,
 
 Gangl
 
 is inapplicable to the facts of the present case. In
 
 Gangl
 
 , the State prosecuted the defendant on the charged indictment.
 

 Id.
 

 at 134
 
 . At trial, Gangl then requested a lesser-nonincluded-offense instruction, which the trial court refused.
 

 Id.
 

 On appeal, the Mississippi Supreme Court found Gangl waived any challenges to the inadequacy or notice in the indictment by requesting the lesser-nonincluded-offense instruction.
 

 Id.
 

 at 136
 
 .
 
 [7]
 
 By contrast, in the present case, Thompson never requested a lesser-included-offense instruction or a lesser-nonincluded-offense instruction during his subsequent trial.
 

 ¶ 57. Our supreme court recognizes that, "once the grand jury hands down a true bill that alleges an accused committed a particular crime by engaging in certain conduct-absent waiver or a request for a lesser[-]included offense-the accused must be prosecuted for that crime, and no other."
 
 Decker v. State
 
 ,
 
 66 So.3d 654
 
 , 656 (¶ 6) (Miss. 2011). As set forth in
 
 Decker
 
 , upon retrial, the State was required to prosecute Thompson for the offense charged in the indictment absent a waiver or a request for a lesser-included offense.
 
 See
 
 id.
 

 [8]
 
 The facts here reflect that Thompson
 never requested the lesser-included offense during the subsequent trial. Furthermore, the record shows no waiver of the indictment.
 

 ¶ 58. The circuit court instructed the jury during Thompson's subsequent trial on the lesser-included offense without an instruction or prosecution on Count II of the indictment. The jury should have been instructed to first consider the offense charged in Count II and that, after full and careful consideration of the evidence, the jury could then proceed to arrive at a verdict on a lesser-included crime.
 
 Cf.
 

 Fulgham v. State
 
 ,
 
 46 So.3d 315
 
 , 329-30 (¶ 40) (Miss. 2010) (finding no abuse of discretion in the trial court's grant of an "acquit-first" lesser-included-offense instruction);
 
 see also
 

 Jones v. State
 
 ,
 
 142 So.3d 420
 
 , 425 (¶ 17) (Miss. Ct. App. 2013) (finding no abuse of discretion where the trial court instructed the jury that the State carried the burden to prove every element of the offense charged in the indictment count and that, if the State failed to prove all the elements, then the jury could consider the lesser-included offense). Clearly, the jury should be instructed on the charged offense and should be instructed to consider the charged offense before considering a verdict on a lesser-included offense.
 

 ¶ 59. As discussed,
 
 Decker
 
 provides that, "once the grand jury hands down a true bill that alleges an accused committed a particular crime by engaging in certain conduct-absent waiver or a request for a lesser[-]included offense-the accused must be prosecuted for that crime, and no other."
 
 Decker
 
 ,
 
 66 So.3d at 656
 
 (¶ 6). Furthermore, challenges to the substantive sufficiency of an indictment are not waivable and may be raised for the first time on appeal.
 
 State v. Berryhill
 
 ,
 
 703 So.2d 250
 
 , 254 (¶ 16) (Miss. 1997) ;
 
 Johnson v. State
 
 ,
 
 94 So.3d 1209
 
 (¶ 21) (Miss. Ct. App. 2011). Therefore, based on the foregoing, I would reverse Thompson's conviction and remand the case for the trial court to reinstate the charged indictment to the active trial docket.
 

 IRVING, P.J., JOINS THIS OPINION.
 

 See
 

 Hall v. State
 
 ,
 
 127 So.3d 202
 
 , 207 (¶ 17) (Miss. 2013) (reversing the defendant's conviction and vacating his sentence where he was convicted of a crime for which he was never indicted).
 

 See
 

 Hall
 
 ,
 
 127 So.3d at 207
 
 (¶ 17).
 

 See
 

 Sharplin v. State
 
 ,
 
 330 So.2d 591
 
 , 596 (Miss. 1976) (identifying the instructions a trial court may give upon learning that a jury cannot reach a unanimous verdict).
 

 See
 
 Annotation,
 
 When Should Jury's Deliberation Proceed from Charged Offense to Lesser-Included Offense
 
 ,
 
 26 A.L.R. 603
 
 (5th ed. 1995) (providing that the jury should be instructed to first discuss whether the elements of the indicted or main offense are satisfied before turning to consider the lesser offenses).
 

 I acknowledge that, in
 
 Hye v. State
 
 ,
 
 162 So.3d 750
 
 , 751 (¶ 2) (Miss. 2015), the supreme court held "a criminal defendant no longer has the unilateral right under Mississippi law to insist upon an instruction for lesser-related offenses [that] are not necessarily included in the charged offense(s), i.e., so-called lesser-nonincluded-offense instructions."
 

 Compare
 

 Burgess v. State
 
 ,
 
 210 So.3d 569
 
 , 577-78 (¶¶ 32-34) (Miss. Ct. App. 2016) (finding no abuse of discretion in the trial court's grant of an "acquit-first" lesser-included-offense instruction)
 
 with
 

 White v. State
 
 ,
 
 149 So.3d 556
 
 , 559-60 (¶¶ 10-12) (Miss. Ct. App. 2014) (finding no abuse of discretion where the trial court instructed the jury on both the crime charged in the indictment and on a lesser-included offense).