# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00791-COA

**PATRICK FLUKER A/K/A PATRICK DANTRE**       **APPELLANT**
**FLUKER A/K/A PATRICK D. FLUKER**

**v.**

**STATE OF MISSISSIPPI**       **APPELLEE**

DATE OF JUDGMENT:              06/24/2020
TRIAL JUDGE:                   HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:     FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        PATRICK D. FLUKER (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ZAKIA HELEN ANNYCE BUTLER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 09/28/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     An inmate appeals the circuit court's summary dismissal of his petition for post-conviction relief. Finding no error, we affirm.

## BACKGROUND

¶2.     In 2007 Patrick Fluker pled guilty in the Circuit Court of Forrest County to armed robbery. Since then, Fluker has filed at least five PCR petitions related to the guilty plea—all of which have been denied, and the denials have been affirmed when appealed. In his most recent filing, he argued that his indictment was defective because it was not stamped filed by the circuit clerk. The record before the Court does indeed reflect that the indictment is

not stamp-filed. Based upon this, Fluker claims the trial court lacked jurisdiction to accept his guilty plea.

¶3. The circuit court summarily dismissed the petition as both untimely and procedurally barred. Fluker appealed.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's denial or dismissal of a PCR [petition], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017). A PCR petitioner bears the burden of showing he is entitled to relief by a preponderance of the evidence. *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011). We will affirm the summary dismissal of a PCR petition if the petitioner fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Id*. "Whether an indictment is fatally defective is a question of law that we review de novo." *Bryant v. State*, 238 So. 3d 1213, 1216 (¶7) (Miss. Ct. App. 2018).

## DISCUSSION

¶5. Given his guilty plea was fourteen years ago, we must first consider whether Fluker is barred from seeking relief. "Under the Uniform Post-Conviction Collateral Relief Act [(UPCCRA)], successive motions are generally barred from our review." *White v. State*, 59 So. 3d 633, 635 (¶6) (Miss. Ct. App. 2011); *see* Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Additionally, "[a] three-year limitations period applies to claims for relief under the

UPCCRA." *Id*. (citing Miss. Code Ann. § 99-39-5(2) (Supp. 2010)).

¶6.     Fluker's present PCR petition is successive because he has previously filed multiple PCR petitions.  He has also alleged in a prior PCR petition similar issues to the ones asserted in this appeal—that his indictment was defective because it was not filed, and therefore the circuit court lacked jurisdiction to accept his guilty plea.  *See Fluker v. State*, 210 So. 3d 1062, 1063 (¶3) (Miss. Ct. App. 2015).  Further, because he is challenging a 2007 conviction, his PCR petition was filed well outside the three-year limitations period.

¶7.     Therefore, we must look to see whether an exception to these procedural bars applies. The petitioner bears the burden of showing he has met a statutory exception.  *White*, 59 So. 3d at 635 (¶8).  Additionally, as discussed below, we recognize that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Id*.  The Mississippi Supreme Court has clarified that "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars."  *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015).  Further, "there must at least appear to be some basis for the truth of the claim of a fundamental-constitutional-rights violation."  *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013).  However, "[t]here are certain exceptions outlined in the statute, such as intervening decisions of the Supreme Courts of Mississippi or the United States," and under the statute the petitioner "bears the burden of showing one of these exceptions applies."  *Dever v. State*, 210 So. 3d 977, 979 (¶4) (Miss. Ct. App. 2017).  Not all intervening decisions meet the exception; instead, only those that "would have actually adversely affected the outcome of his conviction or sentence" apply.  Miss. Code Ann. § 99-

3

39-23(6).

¶8.    In an effort to overcome the procedural bar, Fluker points us to a case where a defendant faced charges of burglary and escape. *Ashwell v. State*, 225 So. 3d 1258, 1259 (¶2) (Miss. Ct. App. 2016), *rev'd*, 226 So. 3d 69 (Miss. 2017). However, the State had never filed a bill of information on either count. *Id*. at 1259 (¶1). Ashwell pleaded guilty to the charges. *Id*. at 1260 (¶2).

¶9.    Ashwell later filed a pro se PCR petition challenging his convictions, arguing the circuit court lacked jurisdiction to accept his guilty pleas because the State never filed the criminal information. *Id*. at 1261 (¶6). He claimed that neither docket file contained a bill of information, nor was there any indication that one had ever been filed. *Id*. Even though no indictment or information charging Ashwell with a crime had been filed, the circuit court found that such document must exist because of references to it in the plea colloquy as well as the prosecutor's affidavit. *Id*. at (¶7). Therefore, the circuit court denied the PCR petition. *Id*. Ashwell appealed, and the case was assigned to the Court of Appeals. *Id*.

¶10.    We affirmed the circuit court's judgment denying Ashwell's PCR petition. *Id*. at 1259 (¶1). We reasoned that all parties involved proceeded with the guilty plea as though a bill of information existed, and Ashwell failed to cite to any authority to support a finding that the lack of a filed bill of information automatically resulted in reversible error. *Id*. at 1262 (¶14). Rather, "the failure to file the bill of information in this case appears to be the result of oversight." *Id*. We went on to state that "it was within the circuit court's discretion to find that there had been a bill of information based on Ashwell's waiver of indictment, guilty-plea

4

petition, and comments during the guilty-plea hearing." *Id*. The Court found that the issue lacked merit. *Id*.

¶11. The Supreme Court granted certiorari and reversed both the Court of Appeals and the circuit court. *Ashwell v. State*, 226 So. 3d 69, 73 (¶15) (Miss. 2017). The Supreme Court began its analysis by indicating that Ashwell's claim "does not rest on the existence of a document which purported to be a criminal information, but rather on the fact that the State failed ever to charge him with a crime." *Id*. at 72 (¶11). The Court pointed out that "[t]he docket sheet in each criminal case reflects that no criminal information—even assuming one existed—ever was filed with the circuit court." *Id*. at (¶12). "Nor did the criminal files themselves include any charging document, a fact the circuit judge confirmed by personally reviewing each criminal file." *Id*. The Court held that "[t]he very nature of a criminal information shows that one must be filed for the court to proceed." *Id*. at (¶13).

¶12. The Court emphasized the fact that "[h]istorically, an information was a charging document in the king's name '**filed** *ex officio* by his own immediate officer, the attorney general' or '**filed** by the king's coroner and attorney in the court of king's bench." *Id*. (quoting William C. Sprague, Blackstone's Commentaries 510 (9th ed. 1915)) (emphasis by the Court). Further, the Court held that a defendant is charged "when the information is filed." *Id*. at (¶14). The Court reasoned that "[b]ecause the State never charged Ashwell with a crime, the circuit court lacked jurisdiction and authority to accept Ashwell's guilty pleas." *Id*. at (¶15). Accordingly, the Supreme Court vacated Ashwell's guilty pleas. *Id*.

¶13. While in that case the Supreme Court found the total absence of a criminal

information in a file required vacating a guilty plea, in general a guilty plea waives procedural defects to an indictment. *Cochran v. State*, 969 So. 2d 119, 123 (¶15) (Miss. Ct. App. 2007). In *Cochran*, a defendant argued his indictment for rape was fatally defective because it was not filed by the circuit clerk. *Id*. at (¶14). While not stamped filed, there was evidence that the indictment had been recorded in some fashion, and it "was signed by the district attorney and forewoman of the grand jury." *Id*. "The forewoman's affidavit was notarized and dated by the circuit clerk . . . ." *Id*. "The clerk assigned it a cause number and handwrote it on the indictment." *Id*. at (¶18). The Court in *Cochran* held that while the copy was not stamped "filed," the absence of a filing date "is merely procedural where the facts reveal that the indictment was returned by the grand jury and not manufactured by the State." *Id*. at (¶16) (citing *Watts v. State*, 828 So. 2d 835, 842 (¶15) (Miss. Ct. App. 2002)). The Court further stated that "[a] valid guilty plea waives all non-jurisdictional defects to an indictment." *Id*. at (¶15). Finally, the Court held that even though the clerk failed to stamp the indictment as "filed," "the evidence is clear that the indictment was returned by the grand jury and not manufactured by the State." *Id*. at (¶18). Because the error was procedural, the time-bar applied. *Id*.

¶14. In this case, Fluker alleges the Supreme Court's decision in *Ashwell* is "clearly an intervening decision of the Mississippi Supreme Court which meets the exception of the procedural bar." He further contends that "[b]ecause an indictment provides the original constitutional means of charging one with a felony, it follows that an indictment must be filed in the circuit court for that court to obtain jurisdiction," and as such, "appellant's

6

indictment was never stamped 'filed' so therefore the trial court never obtained jurisdiction to prosecute the Appellant for the offense of Armed Robbery."

¶15. The facts of Fluker are strikingly similar to the facts of *Cochran*. Like in that case, Fluker's indictment was signed by the grand-jury foreman, the assistant district attorney, and the deputy clerk. Fluker's indictment is dated and has a handwritten cause number at the top. As in *Cochran*, there is no evidence that the indictment was manufactured by the State.

¶16. The reasoning in *Cochran* holds true for Fluker: the lack of the "filed" stamp is merely a procedural defect. Unlike in *Ashwell*, where the charging document was completely absent, in Fluker's case it does not overcome the time-bar or successive-motions bar. Fluker waived any procedural defects in the indictment by pleading guilty. Therefore this issue is without merit.

## CONCLUSION

¶17. Because *Ashwell* is not an intervening decision, the circuit court was correct to find the petition procedurally barred as successive and by the three-year statute of limitations. Therefore, we affirm the dismissal of the PCR petition.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**